IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | The Honorable Liam O'Grady |
| ) | |
| v. ) | |
| ) | 12 CR 3 |
| ) | |
| KIM DOTCOM, et al., ) | |
| ) | |
| Defendants. ) | |

**EMERGENCY MOTION FOR PROTECTIVE ORDER BY
<u>NON-PARTY CARPATHIA HOSTING, INC.</u>**

Pursuant to Fed. R. Crim. P. 16(d)(1), Carpathia Hosting, Inc. ("Carpathia") moves for an order to protect it from undue expense and burden resulting from the continued storage of 1,103 computer servers containing 25 petabytes (25 million gigabytes) of data, which were used to provide services to Megaupload Limited ("Mega"), one of the Defendants in this action.

Carpathia is a web hosting company that ultimately provided 1,103 computer servers to Mega from March 2007 until shortly after the original indictment in this case was unsealed, when Carpathia terminated Mega's contract. Those servers (the "Mega Servers") contain approximately 25 petabytes of data that form the basis of some of the allegations in the indictment filed against Mega. (Superceding Indictment, filed February 16, 2012 ¶39). Although Carpathia owns and has remained in physical possession of the Mega Servers, Carpathia does not own and cannot access the data, nor does it have any interest in the data stored on the Mega Servers; its interests are solely in the physical hardware itself.

1

Ordinarily, when a customer such as Mega becomes unable to pay its service fees or is otherwise terminated as a customer, Carpathia would delete any data from the servers and then reprovision the servers for use by other customers or sell them on the secondary market. Here, because several parties have expressed an interest — legal or otherwise — in the preservation of the data residing on the Mega Servers, Carpathia has thus far refrained from reprovisioning them. Instead, Carpathia has paid approximately $9,000 a day since late January to maintain the Mega Servers and their data while consulting with various parties to find an acceptable disposition for them. (*See* Ex. A, Declaration of Theresa Pittinger, dated March 20, 2012 at ¶9).

The parties who have so far claimed some interest in the data on the Mega Servers include: (1) Mega, which claims to need the data preserved for its defense and so that it may be returned to its customers; (2) the United States Government, which has disclaimed a need for the data, but objects to the transfer of ownership of the Mega Servers from Carpathia to Mega; (3) the Electronic Frontier Foundation, which claims to represent the interests of end users who have non-infringing content stored on the Mega Servers and has requested that the data be preserved in order to facilitate its return to Mega users who have not engaged in copyright infringement; and (4) the Motion Picture Association of America (the "MPAA"), which, on behalf of its member studios, asserts a copyright interest in certain data purportedly located on the Mega Servers and has requested that Carpathia preserve the data in order to facilitate potential civil claims against Mega and the other Defendants in this action and has indicated that it objects to any transfer of the data to third-parties. The options that the parties have considered include: (a) transferring the ownership of the Mega Servers to Mega, pursuant to its promises and representations to access the data only for defense in litigation and to maintain the Mega Servers

for the duration of the litigation; (b) transferring the Mega Servers to the United States government; or (c) allowing Mega to copy the servers it needs to preserve for this litigation. The United States and the MPAA have objected to the transfer of ownership of the Mega Servers to Mega, and the government is not willing to take possession of the Mega Servers.

To avoid leaving Carpathia in the untenable position of having to choose between (a) continuing to pay for preserving data over which it has no interest, and foregoing revenue that it could receive by reprovisioning or selling the Mega Servers, (b) reprovisioning the Mega Servers and risk a claim by a party with an interest in the data, or (c) transferring the Mega Servers to Mega over the objection of the government and other third parties, Carpathia hereby requests that this Court enter a protective order pursuant to Federal Rule of Criminal Procedure 16(d) that either: (1) requires the parties to the criminal case to take possession of the Mega Servers until the completion of the case, in exchange for reasonable compensation to Carpathia; (2) requires the parties to reimburse Carpathia for the cost of transport and storage of the Mega Servers; or (3) allows Carpathia to delete the data and reprovision the Mega Servers after a brief, but reasonable, period of access for selective copying under an approved procedure.

Dated: March 20, 2012                    Respectfully submitted,

                                         SNR Denton US LLP


                                         */s/ Christopher L. Harlow*
                                         BY:  Christopher L. Harlow
                                         1301 K Street, NW
                                         Suite 600, East Tower
                                         Washington, DC 20005
                                         (202) 408-6400
                                         *Attorneys for Carpathia Hosting, Inc.*


Of counsel:

Marc J. Zwillinger
Robert F. Huff Jr.
ZwillGen PLLC
1705 N Street, NW
Washington, DC 20036
(202) 296-3585
*Attorneys for Carpathia Hosting, Pro Hac Vice Applications Pending*

# CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2012 the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users, as well as by first-class U.S. mail, postage pre-paid, upon the following:

Jay V. Prabhu
Chief, Cybercrime Unit
Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314

Ed McNicholas
Sidley Austin LLP
1501 K Street, NW
Washington, DC 20005
*Counsel to Megaupload Limited*

Ira Rothken
Rothken Law Firm
3 Hamilton Landing, Suite 280
Novato, CA 94949
*Counsel to Megaupload Limited*

Cindy A. Cohn
Legal Director and General Counsel
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
*Counsel to Electronic Frontier Foundation*

Stephen Fabrizio
Jenner & Block
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
*Counsel to Motion Picture Association of America*

*/s/ Christopher L. Harlow*

Christopher L. Harlow  (Bar No. 74966)
SNR Denton US LLP
1301 K St. NW, Suite 600, East Tower
Washington, DC 20005
(202) 408-6400  Telephone
(202) 408-6399  Facsimile
charlow@snrdenton.com