# Exhibit F

# JENNER&BLOCK

January 31, 2012

Jenner & Block LLP          Chicago
1099 New York Avenue, NW     Los Angeles
Suite 900                    New York
Washington, DC 20001         Washington, DC
Tel 202-639-6000
www jenner com

**VIA HAND DELIVERY**

Peter Weber
Chief Executive Officer
Carpathia Hosting, Inc.
21000 Atlantic Boulevard
Suite 500
Dulles, Virginia 20166

Steven B. Fabrizio
Tel  202 639-6040
Fax  202 661-4823
sfabrizio@jenner com

> **Re:** **Preservation of Evidence related to *United States v. Kim Dotcom et al.*,
> Criminal NO.1: 12CR3 (E.D. Va.)**

Dear Mr. Weber:

On behalf of the Motion Picture Association of America and its motion picture studio members (collectively, the "Studios"), we write concerning preservation of electronic evidence related to the website and service at Megaupload.com and its affiliated websites (collectively, "Megaupload"). As you know, the operators of Megaupload have been indicted, *inter alia*, for criminal copyright infringement. *United States v. Kim Dotcom et al.*, Criminal NO.1: 12CR3 (E.D. Va.). As you undoubtedly also know, the Studios hold the rights to some of the most famous and valuable entertainment properties in the world – copyrights that, according to the indictment against Megaupload and its operators, have been repeatedly and willfully infringed through Megaupload on a massive scale. Independent of the ongoing criminal proceeding, the Studios have civil claims against the operators of Megaupload, and potentially also against those who have knowingly and materially contributed to the infringement occurring through Megaupload.

We understand that federal authorities have, or soon will, release back to Carpathia the computer servers, and the associated software, data and content contained on those servers, that comprise or reflect Megaupload and its operations. Carpathia also undoubtedly possesses additional documents and other material concerning Megaupload and its operators based on Carpathia's commercial dealings with them. In light of the potential civil claims by the Studios, we demand that Carpathia preserve all material in its possession, custody, or control, including electronic data and databases, related to Megaupload or its operations. This would include, but is not limited to, all information identifying or otherwise related to the content files uploaded to, stored on and/or downloaded from Megaupload; all data associated with those content files, the uploading or downloading of those files, and the Megaupload users who uploaded or downloaded those files; all data reflecting or related to payments to third parties (including Carpathia) by the Megaupload operators; all data reflecting or related to payments to the Megaupload operators, including by users and other third parties; all electronic records regarding

Carpathia Hosting
January 31, 20112
Page 2

communications by the individuals involved in Megaupload's operations; and all internal documents and communications regarding Megaupload.

Most of the key evidence regarding Megaupload is in electronic form and is subject to quick and easy deletion that could render it irretrievable. Given the importance of that evidence to the Studios' potential civil claims and the prejudice from any deletion, all relevant electronic evidence should be preserved in its current form in anticipation of potential litigation. *See, e.g., E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 803 F. Supp. 2d 469 (E.D. Va. 2011) ("litigation hold" must be put in place in anticipation of potential litigation) (citing *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003)); *Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162, 175-76 (S.D.N.Y. 2004) ("in the world of electronic data, the preservation obligation is not limited simply to avoiding affirmative acts of destruction"; "[s]ince computer systems generally have automatic deletion features that periodically purge electronic documents such as e-mail, it is necessary for a party facing litigation to take active steps to halt that process"); *S.E.C. v. Credit Bankcorp, Ltd.*, 194 F.R.D. 469, 471 (S.D.N.Y. 2001) ("control" includes not only possession but also "the legal right, authority, or practical ability to obtain the materials sought upon demand").

While we stand ready to address any questions you may have, we expect and trust that you will take immediate steps to ensure preservation of all computer servers and other materials that comprise or relate to the operation of Megaupload.

Sincerely,

Steven B. Fabrizio