IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v.   ) <br> ) <br> KIM DOTCOM, et al.,   ) <br> ) <br> Defendants   ) <br> ) | The Honorable Liam O'Grady <br><br> Criminal No. 1:12-CR-3 |

### MEMORANDUM IN SUPPORT OF
### MOTION OF SIDLEY AUSTIN LLP AND THE ROTHKEN FIRM
### FOR LEAVE TO ENTER LIMITED APPEARANCE ON BEHALF OF
### MEGAUPLOAD LIMITED AND KIM DOTCOM

Non-parties Sidley Austin LLP and the Rothken Firm, on their own behalf, respectfully move this Court for leave (1) to enter limited appearances on behalf of Defendants Megaupload Limited and Kim Dotcom for purposes of (a) filing a motion under *United States v. Farmer*, 274 F.3d 800 (4th Cir. 2001), and (b) seeking to preserve evidence critical to the defense of this case, including by filing a response to the motion for a protective order filed by Carpathia Hosting, Inc., and (2) to withdraw their limited appearances at their option after the Court's resolution of the *Farmer* motion.

### INTRODUCTION

This is an extraordinarily large and complex case. Prior to being shut down by the government, Megaupload operated a cloud storage service that allowed tens of millions of users throughout the world to store, retrieve, and share hundreds of millions of files. It was reportedly one of most visited sites on the Internet. On January 5, 2012, the United States government indicted Megaupload, its founder, Kim Dotcom, and seven others in what it

described as one of "the largest criminal copyright cases ever brought by the United States."[1] In a 90-page superseding indictment, the government has alleged that Defendants were part of a "worldwide criminal organization whose members engaged in criminal copyright infringement and money laundering on a massive scale." Superseding Indictment ¶ 1.

The factual allegations underlying the indictment are exceedingly broad. The government has alleged that every part of Megaupload's business throughout the world for the last 6½ years was criminal under United States law and seeks criminal forfeiture of every dime the company ever earned. Indeed, the core of the government's theory is that Defendants are criminally liable for allowing the "uploading of *many hundreds of thousands* of infringing copies of copyrighted files from anonymous users." *Id.* ¶ 69 (emphasis added). The legal issues are similarly complex. At bottom, this case is an unprecedented attempt to apply the common-law theory of secondary *civil* liability approved in *MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005), in the criminal context. A full and fair trial of the issues presented here will require thousands of hours of preparation and an enormous electronic discovery effort to preserve and analyze data.

Until January 2012, Megaupload and Mr. Dotcom had sufficient resources to pay for their own defense in this matter. However, immediately after securing the initial indictment in this case, the government caused the *ex parte* seizure of over $67 million of the defendants' assets in multiple jurisdictions. The government's actions left the defendants effectively indigent and unable to pay for counsel of their choice.

The Fourth Circuit, in *United States v. Farmer*, 274 F.3d 800 (4th Cir. 2011), prescribed a procedure for defendants to seek the release of funds that had been improperly

---

[1] Press Release, U.S. Department of Justice, Justice Department Charges Leaders of Megaupload with Widespread Online Copyright Infringement (Jan. 19, 2012), http://www.justice.gov/opa/pr/2012/January/12-crm-074.html.

seized by the government in order to pay for a legal defense. However, unless prior arrangements are made with the Court, filing a *Farmer* motion could be construed as entering a general appearance by defense counsel. Once a general appearance is entered, counsel can withdraw only with the leave of Court, *see* Local Crim. R. 57.4(G), and (if leave is not granted) must see the case through to its end. Unless counsel is permitted to enter a limited appearance for purposes of filing a *Farmer* motion, a defendant who was the victim of improper pretrial seizures is not only denied the ability to use his own money to hire a lawyer to defend him on the merits, he is prevented even from having a lawyer challenge the seizures.

## ARGUMENT

Megaupload and Mr. Dotcom have engaged Sidley Austin and the Rothken Firm to represent them in this case and have signed formal engagement letters to that effect.[2] Megaupload and Mr. Dotcom have agreed, assuming we are allowed to do so by the Court, (1) that we will enter a limited appearance for purposes of filing and litigating a *Farmer* motion and seeking the preservation of evidence, including by filing a response to the motion for a protective order filed by Carpathia Hosting, Inc., and (2) that we will have the option of withdrawing from the case if funds are not released upon the resolution of the *Farmer* motion.

Nothing in the Federal Rules or this Court's Local Rules precludes counsel from making a limited appearance such as that proposed in this case. So long as the nature of the appearance is disclosed, the Court has broad discretion to permit counsel to enter a limited appearance *and* to withdraw at the conclusion of the part of the proceedings to which the appearance pertains. *See, e.g., Boyless v. United States*, 101 F.3d 702 (6th Cir. 1996) (withdrawal from criminal case proper where attorney had previously notified defendant that she

---

[2] If it would be helpful to the Court, we will submit the engagement letters on an *ex parte* basis for the Court to review *in camera*.

would enter a limited appearance because defendant could not pay her fee); *Harris v. Marsh*, 123 F.R.D. 204, 222 (E.D.N.C. 1988), *aff'd in part, rev'd in part sub nom*, *Blue v. U.S. Dept. of Army*, 914 F.2d 525 (4th Cir. 1990).

Allowing counsel to enter a limited appearance to litigate a *Farmer* motion and see to the preservation of evidence is appropriate given the unusual circumstances of this case. As noted above, this is one of the largest criminal copyright cases ever brought in the United States. After securing the indictment, the government procured *ex parte* seizures of all of the defendants' assets on the theory that every dime Megaupload ever earned was forfeitable and that *none* of its revenues during the last 6½ years were derived, for example, from non-infringing users or from foreign jurisdictions where the U.S. copyright laws do not apply. These seizures made it impossible for Megaupload and Mr. Dotcom to pay for counsel of their choice to defend them on the merits, to seek preservation of data needed for a full and fair trial, or even to challenge the seizures.

Having procured sweeping pretrial seizures that rendered Megaupload and Mr. Dotcom effectively defenseless, the government has opposed our requests for permission to enter a limited appearance to challenge those seizures. The government has not identified any harm it or anyone else would suffer from allowing counsel to appear on a limited basis. Instead, it has argued that the Court should require counsel to enter a general appearance before filing a *Farmer* motion — something it knows that no firm is likely to do — to address a laundry list of complaints about the defendants' meager efforts to date to defend themselves.

First, the government complains that it is confused about who represents Megaupload and Mr. Dotcom in the United States. There is no confusion here. Megaupload and Mr. Dotcom have retained Sidley Austin and the Rothken Firm.

Second, the government complains that counsel *in Hong Kong and New Zealand* have sought to assert the defendants' legal rights under the laws of those jurisdictions and argues that requiring U.S. counsel to enter a general appearance is necessary to restrain foreign counsel from doing "collateral damage"— by which it means petitioning for relief from foreign courts under foreign law — to the seizures it has procured. The government does not explain how requiring U.S. counsel to enter a general (as opposed to a limited) appearance will restrain foreign counsels' efforts or how, under principles of international comity, doing so is even a legitimate goal of the United States. In any event, the Hong Kong and New Zealand courts have substantially deferred to this Court and are likely to continue to do so, although that is fundamentally a matter for those judicial systems, in which the United States chose to initiate actions. In Hong Kong, the defendants sought the release of seized funds for legal expenses, outstanding salaries, and employee reimbursements. The Hong Kong court approved a limited release of funds for employee salaries and reimbursements as permitted under Hong Kong law, but stated that it would otherwise defer to this Court on the proper scope of the seizures. *See* Ruling of Justice Bokhary, *Dotcom v. United States of America*, HCMP 116/2012 (C.F.I.) (Feb. 16, 2012). In New Zealand, Mr. Dotcom sought bail and the return of his seized property for legal defense and living expenses. The New Zealand court granted only a limited release of funds for Mr. Dotcom's living expenses as permitted under New Zealand law. *See* Order for Extension of and Conditions of Interim Foreign Restraining Order, *Comm'r of Police v. Kim Dotcom*, [2012] N.Z.H.C. AK, CIV-2012-404-033 (Mar. 21, 2012).

Finally, the government contends that counsel must enter a general appearance in light of defendants' efforts to preserve approximately 25 petabytes of data currently in the custody of Carpathia Hosting, Inc., a web hosting company that provided storage space to

Megaupload. This data store contains much of allegedly infringing materials on which the government's charges are based. After copying only selected portions of this data, the government disclaimed any further interest in it and has taken the position that any preservation of the data was to be worked out between Carpathia and the defendants. Nonetheless, the government has consistently interfered with defendants' efforts to preserve this data by, for example, asserting a general objection to a proposed transfer of the servers on which the data resides while refusing to specify its specific objections and declining to provide assurances that the government would not attempt to seize the servers as newly-acquired assets if Megaupload were to take possession of them. Again, the government does not explain how requiring counsel to enter a general (as opposed to a limited) appearance will do anything to change its tactics in this case.

In short, the government has offered no legitimate reason for refusing counsel's request for permission to enter limited appearances for purposes of litigating a *Farmer* motion and seeking the preservation of data that will be critical to their defense, and to withdraw their limited appearances at their option after the Court's resolution of the *Farmer* motion.

## **CONCLUSION**

For the foregoing reasons, this Court should enter an Order granting lawyers from Sidley Austin LLP and the Rothken Firm leave (1) to enter limited appearances on behalf of Defendants Megaupload Limited and Kim Dotcom for the purpose of filing and litigating a motion under *United States v. Farmer* and seeking to preserve evidence for the defense of this case, and (2) to withdraw their limited appearances at their option after the Court's resolution of the *Farmer* motion.

Respectfully submitted,

*/s/ Griffith L. Green*_____
Thomas C. Green
Griffith L. Green (VSB # 38936)
Edward R. McNicholas
SIDLEY AUSTIN LLP
1501 K Street N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)
tcgreen@sidley.com
ggreen@sidley.com

Ira P. Rothken
THE ROTHKEN FIRM
3 Hamilton Landing
Suite 280
Novato, CA 94949
(415) 924-4250
(415) 924-2905 (fax)
ira@techfirm.net

*Counsel for Sidley Austin LLP and the Rothken Firm*

Dated: March 30, 2012

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2012, the foregoing Memorandum in Support of Motion of Sidley Austin LLP and the Rothken Firm for Leave to Enter Limited Appearance on Behalf of Megaupload Limited and Kim Dotcom was filed and served electronically by the Court's CM/ECF system upon all registered users, and by first-class mail, postage prepaid, upon the following:

> Jay V. Prahbu
> Robert W. Wiechering
> United States Attorney's Office
> Eastern District of Virginia
> Justin W. Williams U.S. Attorney's Building
> 2100 Jamieson Avenue
> Alexandria, Virginia 22314

*/s/ Griffith L. Green*_____
Griffith L. Green (VSB # 38936)