# Exhibit A

A                      A
B                      B
C                      C

**CHAMBERS RULING**
**(Not Open to Public)**

HCMP 116/2012

## IN THE HIGH COURT OF THE
## HONG KONG SPECIAL ADMINISTRATIVE REGION
## COURT OF FIRST INSTANCE

MISCELLANEOUS PROCEEDINGS NO 116 OF 2012

---

IN THE MATTER of the Mutual Legal Assistance in Criminal Matters Ordinance (Cap 525) [Section 27 and Schedule 2, Section 7]

and

IN THE MATTER of

| | |
|---|---|
| KIM DOTCOM, also known as KIM SCHMITZ, TIM VESTOR and KIM TIM JIM VESTOR (A National of Germany and Finland and a Resident of Hong Kong and New Zealand) | 1st Defendant |
| MEGAUPLOAD LIMITED (A Hong Kong Company) | 2nd Defendant |
| VESTOR LIMITED (A Hong Kong Company) | 3rd Defendant |
| FINN HABIB BATATO (A National of Germany) | 4th Defendant |
| JULIUS BENCKO (A National of Slovakia) | 5th Defendant |
| SVEN HENDRIK MICHAEL THIES ECHTERNACH (A National of Germany) | 6th Defendant |
| MATHIAS ORTMANN (A National of Germany) | 7th Defendant |
| ANDRUS NOMM | 8th Defendant |

"No search, inspection or publication without the leave of the Court"

|  |  |
|---|---|
| (A National of Estonia) |  |
| BRAM VAN DER KOLK<br>(A National of the Netherlands) | 9th Defendant |
| JOHN PAUL LLASUS LO<br>(A National of the Philippines) | 10th Defendant |
| BART RENE ANNA VAN LANCKER | 11th Defendant |
| LOVELY ROANN VARGAS | 12th Defendant |
| WAYNE TEMPERO | 13th Defendant |
| MEGAMUSIC LIMITED<br>(A Hong Kong Company) | 14th Defendant |
| MEGAPAY LIMITED<br>(A Hong Kong Company) | 15th Defendant |
| MEGAMEDIA LIMITED<br>(A Hong Kong Company) | 16th Defendant |
| A LIMITED<br>(A Hong Kong Company) | 17th Defendant |
| N1 LIMITED<br>(A Hong Kong Company) | 18th Defendant |
| RNK MEDIA COMPANY<br>(A Hong Kong Company) | 19th Defendant |
| MEGASTUFF LIMITED<br>(A New Zealand Company) | 20th Defendant |

---

Before: The Honourable Mrs Justice V Bokhary in Chambers
   (Not open to public)

Date of Hearing: 15 February 2012

Date of Ruling: 16 February 2012

---

# R U L I N G

---

"No search, inspection or publication without the leave of the Court"

1. This is an inter partes application by the 2nd defendant for variation of the Restraint Order which I made ex parte on 18 January 2012. The variation sought is indicated in very general terms in the summons which the 2nd defendant took out on the 13th of this month.

2. When the summons came on for hearing yesterday morning, leading counsel for the 2nd defendant asked that it be adjourned save in four respects. The first involves the sale of certain items. The second involves legal fees. The third involves salaries and reimbursements owed to employees and salaries to be paid in future. The fourth involves the use of air miles.

3. I adjourn to a date to be fixed the summons save in respect of those four matters.

4. At yesterday's hearing, after leading counsel for the 2nd defendant had addressed me, counsel for Secretary for Justice indicated that the variation sought in respect of the first and fourth matters would not be opposed. In other words, the variation in respect of the sale of certain items and the variation in respect of the use of air miles is not opposed. I make the variation sought in respect of those two matters. I will not spell out the nature of such unopposed variation, leaving it to counsel to spell them out in a draft order to be submitted to my clerk in due course. That is the only way to be safe from misunderstanding.

5. I turn now to the second and third matters, being the ones relating to the variations contested before me.

"No search, inspection or publication without the leave of the Court"

6. The arguments put forward by counsel for the Secretary for Justice in opposing any variation in respect of the second and third matters include the argument that there has been no sufficient disclosure of assets by the 2nd defendant and the argument that it would be right to leave the question of such variation to the courts in the United States. As to this last argument, counsel for the Secretary for Justice does not go so far as to say that the Hong Kong courts lack jurisdiction.

7. As to disclosure, I do not think that the 2nd defendant has made sufficient disclosure. Leading counsel for the 2nd defendant argues that there has been sufficient disclosure because it has been shown that all the funds no longer held by the 2nd defendant had been paid out by the 2nd defendant to others. That is not sufficient disclosure. The payment out of funds may generate some debt or other entitlement due to the 2nd defendant which the 2nd defendant can realise. The disclosure made does not enable the court to see whether or not there is any such debt or entitlement.

8. Leading counsel for the 2nd defendant also submits that even if there has not been sufficient disclosure, the court nevertheless has a discretion to order variation. I accept that, and proceed to consider what I ought to do in the exercise of this discretion. In cases of this kind, the court is always proceeding before the position is made wholly clear, and the court endeavours to avoid undue hardship. To a certain extent, the court is sometimes driven to acting in almost a rough and ready way.

9. On the figures placed before me in writing on behalf of the 2nd defendant in respect of legal fees incurred, including those anticipated

Case 1:12-cr-00003-LO Document 76-1 Filed 04/11/12 Page 6 of 7 PageID# 685

- 5 -

for (and presumably now incurred on) the present application, those legal fees are well in excess of $600,000. But in his reply submission, leading counsel for the 2nd defendant said that he was only asking for the release of about $600,000 in respect of legal fees.

10.  The amount sought in respect of salaries owing is $658,940.25. The amount sought in respect of reimbursements owed to employees is $80,624.35. The amount sought in respect of salaries to be paid in future for three months is $479,000.

11.  Having regard to the insufficiency of disclosure and the need to bear in mind the desirability of leaving things to the courts in the United States if things can be so left without undue hardship here, I am prepared to vary the Restraint Order only to the extent of permitting release of $739,564.60 to cover the salaries and reimbursements owed to employees. I am not at present prepared to permit any other release.

12.  I say nothing about what variation may or may not be ordered upon any application made with proper disclosure. It is also important to make it clear that I am not suggesting that proper disclosure will necessarily result in further variation. There would still be, quite apart from anything else, the question of whether the matter should be left to the courts in the United States.

(V Bokhary)
Judge of the Court of First Instance
High Court

"No search, inspection or publication without the leave of the Court"

- 6 -

Mr Gerard McCoy SC and Mr Daniel Hui, instructed by Haldanes, for the 2nd defendant

Ms Linda Lam, Ms Elizabeth Liu and Ms Ada Chan, of the Department of Justice, for the Secretary for Justice

"No search, inspection or publication without the leave of the Court"