# Exhibit B

IN THE HIGH COURT OF NEW ZEALAND
AUCKLAND REGISTRY

CIV 2012-404-33

| | |
|---|---|
| IN THE MATTER OF | AN APPLICATION PURSUANT TO THE MUTUAL ASSISTANCE IN CRIMINAL MATTERS ACT 1992 |
| BETWEEN | THE COMMISSIONER OF POLICE |
| | Applicant |
| AND | KIM DOTCOM, businessman of Auckland |
| | First respondent |
| AND | BRAM VAN DER KOLK, businessman of Auckland |
| | Second respondent |
| AND | MEGASTUFF LIMITED, duly registered company |
| | Third respondent |
| AND | MONA DOTCOM, housewife of Auckland |
| | Interested party |

ORDER FOR EXTENSION OF AND CONDITIONS OF INTERIM
FOREIGN RESTRAINING ORDER

March 2012

CROWN LAW
TE TARI TURE O TE KARAUNA
PO Box 2858
WELLINGTON 6140
Tel: 04 472 1719
Fax: 04 473 3482

Contact Person:
A M Toohey
Email: anne.toohey@crownlaw.govt.nz

# EXTENSION OF AND CONDITIONS OF INTERIM FOREIGN RESTRAINING ORDER

Sections 24, 25, 28, 35, 128 and 129 Criminal Proceeds (Recovery) Act 2009

| | |
|---|---|
| **To:** | The Commissioner of the New Zealand Police |
| **And to:** | The First Respondent |
| **And to:** | The Second Respondent |
| **And to:** | The Third Respondent |
| **And to:** | Mona Dotcom |
| **And to:** | Junelyn van der Kolk |
| **And to:** | Wayne Tempero |
| **And to:** | The Official Assignee |

1. On 1 February 2012, the Honourable Justice Lang, on the application of the Commissioner of Police without notice, made an interim foreign restraining order (the interim foreign restraining order).

2. On 27 February 2012 the interim foreign restraining order was extended without opposition until 5.00 pm on Wednesday 29 February 2012.

3. On 29 February 2012 the interim foreign restraining order was extended by consent until 5.30 pm on Wednesday 29 February 2012.

4. Later on 29 February 2012, the Court made further orders extending the interim foreign restraining order until 5.00 pm on 21 March 2012 subject to various conditions (without prejudice to the permanent as distinct from interim positions of the parties).



5. On 21 March 2012 the Honourable Justice Potter held a telephone conference with counsel for the parties (including the Interested Party) and made orders as set out in paragraphs 6-14 below.

6. By consent the conditions to which the interim foreign restraining order made on 1 February 2012 is subject, as set out in the order of 29 February 2012, are varied as follows:

    6.1 The Official Assignee will release, to a bank account in the name of the first respondent or the interested party or to the interested party's solicitors' trust account (whichever is requested by the interested party):

        6.1.1 The sum of $20,000 per month for living expenses in satisfaction of the first respondent's and interested party's applications for living expenses pursuant to s 28(1)(a) of the Criminal Proceeds (Recovery) Act 2009. Such sums are to be derived from interest on the NZ$10,000,000 in New Zealand Government Bonds, being item 3 on page 3 of the order of 29 February 2012. The first monthly payment is to be paid on 23 March 2012, and backdated to 1 March 2012. Thereafter, each monthly payment is to be paid on the 15th of each month;

        6.1.2 The funds restrained by the Official Assignee in or from the RaboDirect account number REDACTED in the name of Kim Dotcom, in the sum held as at 1 February 2012 ($301,758.70) are to be released from the scope of the order of 29 February 2012 pursuant to s 35(a) of the Criminal Proceeds (Recovery) Act 2009, in maximum instalments of $40,000 per month, such payment to be made by the Official Assignee. In addition, the Official Assignee will make a one-off payment into that account, from the interest on the Government Bonds referred to above, sufficient to increase to $301,758.70 the amount available for release under this order.

    6.2 The first respondent and interested party may make further applications for any matter other than living expenses. The orders made above may be taken into account if further applications are made;



6.3 The 2011 Mercedes Benz G55AMG vehicle (VIN WDB463Z702X191902), being item 25 on page 4 of the order of 29 February 2012 (the vehicle), will be released to the first respondent for use on the following conditions:

    6.3.1 The vehicle continues to be in the custody and control of the Official Assignee and subject to the terms of the interim foreign restraining order (as amended by these orders);

    6.3.2 The first respondent must first arrange insurance and garaging of the vehicle to the satisfaction of the Official Assignee before the vehicle is released;

    6.3.3 The first respondent must arrange for the maintenance, registration, and any necessary warrants of fitness for the vehicle;

    6.3.4 The first respondent must make the vehicle available for inspection by the Official Assignee at any time;

    6.3.5 The first respondent must not take any action that would significantly affect the value of the vehicle, or take steps to dispose of the vehicle; and

    6.3.6 These orders do not alter any conditions of the first respondent's bail.

6.4 The Official Assignee will release to the second respondent monthly payments of $9,166 for living expenses in satisfaction of the second respondent's application for living expenses pursuant to s 28(1)(a) of the Criminal Proceeds (Recovery) Act 2009. Such sums are to be derived from funds held by the Official Assignee derived from funds in the second respondent's bank account at HSBC, being item 1 on page 3 of the order of 29 February 2012. These funds are to be released to a bank account in the name of the second respondent or to the second respondent's solicitors' trust account (whichever is requested by the second respondent). The first payment is to be



made on 23 March 2012, and subsequent payments are to be made on the 15th of each month;

6.5  The first and second respondents and the interested party may each open and operate new bank accounts in New Zealand. These accounts and any sums held in bank accounts that have been paid pursuant to the conditions ordered by the Court on 29 February 2012 or pursuant to the conditions set out here will be excluded from the operation of the interim foreign restraining order and any subsequent registered foreign restraining order.

7.  Except as varied as above set forth the conditions in paragraph 4 of the order of 29 February 2012 remain in force.

8.  These conditions are made without prejudice to the parties' positions in relation to the respondents' and the interested party's rights to obtain relief in relation to the restraint of their assets, the applicant's application for registration of foreign restraining orders, dated 20 March 2012 (except in relation to imposing the conditions specified above if the foreign restraining orders are registered) and all questions of costs (except as set out in paragraph 13 below).

9.  If the foreign restraining orders are registered in future then the terms of these orders and the order made on 29 February 2012 shall be conditions of registration and remain in force pending further order of the Court.

10.  The respondents and the interested party not opposing, the application of the Commissioner of Police to extend the interim foreign restraining order made on 1 February 2012 until 5.00pm on Wednesday 4 April 2012 is granted. The purpose of this extension is to enable the applicant to obtain final instructions in relation to an undertaking in support of his application for interim restraining orders.



11.  The Commissioner of Police filed on 20 March 2012 a new application for registration of foreign restraining orders (the previous application dated 30 January 2012 having been discontinued). The parties are to file submissions addressing the issue of authorisation by the Attorney-General as follows:

   11.1  The applicant by 26 March 2012;

   11.2  The respondents in reply by 29 March 2012.

12. By consent there will be an order that the applicant shall pay the respondents $5,000 on account of costs in relation to the discontinuance of the applicant's application for registration of foreign restraining orders dated 30 January 2012.

13. Mrs Dotcom has filed an application in relation to the conditions to which the interim foreign restraining order is subject. The Commissioner of Police has filed a notice of opposition. Counsel are to discuss, and if possible resolve, any outstanding issues. They are to advise the Court of the outcome of these discussions by joint memorandum not later than 30 March 2012. If a hearing may be necessary to determine outstanding issues, counsel should propose timetable orders in the joint memorandum.

14. Subject to the conditions set out in the sealed orders dated 29 February 2012 and the conditions set out in these orders, the property to which the interim foreign restraining order now applies: -

   14.1  Is not to be disposed or, or dealt with, other than as provided for in the interim foreign restraining order, and

   14.2  Is to be in the Official Assignee's custody and control.

   14.3  Is the property described on pages 3-6 of the sealed orders dated 29 February 2012.

Date: 21st March 2012

Signature:

By the Court,

_____
Registrar/Deputy Registrar

**Victoria Maxwell**
**Deputy Registrar**
**High Court**
**Auckland**

1595449_ORDER FOR EXTENSION OF AND CONDITIONS OF INTERIM FRO_1.DOC