IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
2012 APR 12 P 3:56
CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:12CR3 |
| v. | ) | |
| | ) | Hearing: April 13, 2012 |
| KIM DOTCOM, *et al.*, | ) | 10:00 a.m. |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S MOTION TO FILE PORTIONS OF THE [PROPOSED] REPLY OF THE UNITED STATES TO DEFENDANT MEGAUPLOAD LIMITED'S RESPONSE TO NON-PARTY CARPATHIA HOSTING, INC.'S EMERGENCY MOTION FOR A PROTECTIVE ORDER EX PARTE AND UNDER SEAL**

The United States, by and through undersigned counsel, pursuant to Local Rule 49(E) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, now asks for an Order to Seal portions of the Reply of the United States to Defendant Megaupload Limited's Response to Non-Party Carpathia Hosting's Emergency Motion for a Protective Order, specifically section I of the government's reply (except for the first paragraph), until the United States makes a motion to unseal the pleading. A redacted version of the government's motion has been publicly filed, and an unredacted version of the motion has been filed ex parte and under seal with this motion pursuant to Local Criminal Rule 49(E).

I.     **REASONS FOR SEALING** (See Local Rule 49(D)(2))

1.     As described in the government's reply, the portions of the government's reply at issue contain discussions of two pleadings that have previously been sealed by the Court. Such portions are subject to existing sealing orders and no additional justification is necessary for those portions to be sealed. *See* Local Criminal Rule 49(F).

2. At discussed in the government's reply pleading, Special Agents of the Federal Bureau of Investigation are currently conducting ongoing criminal investigations which are discussed in detail in the government's pleading. Premature disclosure of the specific details of this ongoing investigation would jeopardize this continuing criminal investigation by identifying additional targets of the investigation, thus harming the ability of the United States to locate and arrest additional persons. Premature disclosure may also lead to the destruction of additional evidence in other locations. Thus, a sealing order is necessary to avoid hindering the ongoing investigation.

3. The sealed portion of the reply pleading also includes information regarding potential discovery. Because none of the defendant's have yet submitted to the jurisdiction of the court, public disclosure of that information is premature. Otherwise, fugitive defendants would be encouraged to engage in frivolous pre-arraignment litigation to force the government to provide discovery on an accelerated timetable.

4. The United States has considered alternatives less drastic than sealing and has determined that none would suffice to protect this investigation.

II. **THE GOVERNING LAW** (See Local Rule 49(D)(3))

5. It is generally recognized that the public has a common law right of access, but not a First Amendment right of access, to judicial documents. Media General Operations, Inc. v. Buchanan, 417 F.3d 424, 429 (4th Cir. 2005); In re Washington Post Company v. Hughes, 923 F.2d 324, 326 (4th Cir. 1991). "But the right of access is qualified, and a judicial officer may deny access to [judicial records] if sealing is 'essential to preserve higher values' and 'narrowly tailored to serve that interest.'" Media General Operations, 417 F.3d at 429 (citations omitted);

see also In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984) ("[t]he trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests"). Sealing judicial records is within the discretionary powers of a judicial officer where, among other things, an "'affidavit contain[s] sensitive details of an ongoing investigation' and it is 'clear and apparent from the affidavits that any disclosure of the information there would hamper' th[e] ongoing investigation." Media General Operations 417 F.3d at 430 (citations omitted); see also In re Search Warrant for Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996). A court may also seal pleadings to prevent premature disclosure of discovery information where early public disclosure could prejudice a later proceeding. *See United States v. McVeigh*, 954 F. Supp. 1441, 1444 (D. Colo. 1997).

6. Before a district court generally may seal judicial records or documents, it must (a) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (b) consider less drastic alternatives to sealing the documents, and (c) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

7. As to the requirement of a court's consideration of alternatives, the Fourth Circuit counsels that, "[i]f a judicial officer determines that full public access is not appropriate, she 'must consider alternatives to sealing the documents,' which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject to the government's motion to seal." Media General Operations, 417 F.3d at 429 (quoting Goetz, 886 F.2d at 66). Here, the government does not seek the sealing of its entire

3

pleading. Rather, the government has already publicly filed a redacted pleading, and seeks only to have the Court seal those portions of the pleading which contain sensitive, non-public information.

8. Finally, regarding the requirement of specific findings, the Fourth Circuit's precedents state that, "'in entering a sealing order, a 'judicial officer may explicitly adopt the facts that the government presents to justify sealing when the evidence appears creditable,'" Media General Operations, 417 F.3d at 429 (quoting Goetz, 886 F.2d at 65), so long as the ultimate "decision to seal the papers " is "made by the judicial officer," Goetz, 886 F.2d at 65. "Moreover, if appropriate, the government's submission and the [judicial] officer's reason for sealing the documents can be filed under seal." Goetz, 886 F.2d at 65; see also In re Washington Post Co., 807 F.2d 383, 391 (4th Cir. 1986) ("if the court concludes that a denial of public access is warranted, the court may file its statement of the reasons for its decision under seal").

## III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (See Local Rule 49(D)(4))

9. Pursuant to Local Rule 49(D)(4), the **government's reply pleading should remain sealed** until the need to maintain the confidentiality of the information therein expires, after which time the United States will move to unseal the pleading.

WHEREFORE, the United States respectfully requests that the Section I, except for the first paragraph, of the government's reply pleading described above be sealed until further Order of the Court. A proposed Order is attached to this motion.

                                          Respectfully submitted,

                                          Neil H. MacBride
                                          United States Attorney

By:           /s/                  
                                          Andrew Peterson
                                          Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2012, I filed the foregoing with the Clerk of Court, and sent an email copy of the same to the following:

Christopher L. Harlow, Esq.
SNR Denton US LLP
*Counsel for Carpathia Hosting, Inc.*
1301 K Street NW, Suite 600, East Tower
Washington, DC 20005
Tele: (202) 408-6816
christopher.harlow@snrdenton.com

Julie Moore Carpenter, Esq.
Jenner & Block LLP
*Counsel for Motion Picture Association
   of America*
1099 New York Ave, NW, Suite 900
Washington, DC 20001-4412
Tele: (202) 639-6000
jcarpenter@jenner.com

William A. Burck, Esq.
Paul F. Brinkman, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
*Counsel for Quinn Emanuel Urquhart &
   Sullivan LLP*
1299 Pennsylvania Avenue NW, Suite 825
Washington, DC 20004
Tele: (202) 538-8000
williamburck@quinnemanuel.com
paulbrinkman@quinnemanuel.com

John S. Davis, Esq.
Williams Mullen
*Counsel for Kyle Goodwin*
200 South 10th Street, 16th Floor
Richmond, VA 23219
Tele: (804) 420-6296
jsdavis@williamsmullen.com

Ira P. Rothken, Esq.
The Rothken Law Firm
Counsel for The Rothken Law Firm
3 Hamilton Landing, Suite 280
Novato, CA 94949
Tele: (415) 924-4250
ira@techfirm.net

_____
Andrew Peterson
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tele: 703-299-3700
Fax: 703-299-3981