IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | The Honorable Liam O'Grady |
| Plaintiff, | ) | |
| | ) | Case No. 1:12-cr-00003-LO |
| v. | ) | |
| | ) | |
| KIM DOTCOM, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION OF KYLE GOODWIN FOR THE RETURN OF
PROPERTY PURSUANT TO 18 U.S.C. § 1963 AND/OR FEDERAL RULE OF
CRIMINAL PROCEDURE 41(g)**

Interested Party Kyle Goodwin moves this Court under 18 U.S.C. § 1963 or Rule 41(g) of the Federal Rules of Criminal Procedure to fashion an appropriate order for return of his property, which was rendered inaccessible when the government executed a search warrant and effectively seized more than 1,000 servers used by Megaupload in January of this year. Mr. Goodwin has appeared before this Court already, when he filed a brief in support of Carpathia's Emergency Motion for a Protective Order. Since that time, Mr. Goodwin (through counsel) has participated both in a hearing and a mediation on this and related matters, and has attempted in good faith to negotiate terms of an agreement that would both preserve the data at issue for the pending criminal and civil matters and facilitate access to his rightfully-owned property.

Unfortunately, while some movement has been made toward an agreement to preserve the data, little progress has been made regarding access for third parties. Indeed, the government has refused to even consider Mr. Goodwin's proposals. Given the

current posture of this case, without court intervention, it could be years before innocent third parties like Mr. Goodwin get access to their lawful data, if they ever do.

Consequently, Mr. Goodwin now comes before this Court and asks that it fashion an appropriate remedy to make him, and others similarly situated, whole again. Under both RICO and the Federal Rules of Criminal Procedure, this Court may exercise its equitable jurisdiction to do just that. Such an action is of paramount importance, not just to preserve Mr. Goodwin's rights, but to address the government's apparent disregard for the effects its increasing use of domain and other digital seizure mechanism may have on the innocent users of cloud computing services. Given that the use of cloud computing services is already widespread and poised to grow exponentially in the next few years, this Court should establish procedures to ensure that such innocent users do not become regular collateral damage.

WHEREFORE, Interested Party Kyle Goodwin respectfully requests that this Honorable Court:

A. Fashion an appropriate equitable remedy to ensure the return to Mr. Goodwin, and others similarly situated, of his lawful data now stored on the Carpathia servers; and

B. Grant such further relief as is just.


Dated: May 25, 2012         Respectfully submitted,

                                          /s/ John S. Davis
                                      John S. Davis
                                      WILLIAMS MULLEN
                                      200 So. 10th St.
                                      Richmond, VA 23218
                                      Telephone: (804) 420-6296
                                      Facsimile: (804) 420-6507
                                      Email: jsdavis@williamsmullen.com

Julie P. Samuels
Corynne McSherry
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993
Email: julie@eff.org

Abraham D. Sofaer
THE HOOVER INSTITUTION
Stanford University
434 Galvez Mall
Stanford, CA 94305-6010
Telephone: (650) 723-1754
Email: asofaer@stanford.edu

*Attorneys for Interested Party Kyle Goodwin*