IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.           )<br>)<br>KIM DOTCOM, et al.,   )<br>)<br>Defendants   )<br>) | The Honorable Liam O'Grady<br><br>Criminal No. 1:12-CR-3 |

**MOTION OF QUINN EMANUEL URQUHART & SULLIVAN LLP, THE ROTHKEN LAW FIRM, AND CRAIG C. REILLY, ESQ. FOR LEAVE TO ENTER LIMITED AND SPECIAL APPEARANCES ON BEHALF OF MEGAUPLOAD LIMITED, KIM DOTCOM, MATHIAS ORTMANN, BRAM VAN DER KOLK & FINN BATATO AND TO EXCEED PAGE LIMIT & MEMORANDUM IN SUPPORT THEREOF**

Non-parties Quinn Emanuel Urquhart & Sullivan LLP, the Rothken Law Firm, and Craig C. Reilly, Esq. ("Movants"), on their own behalf, respectfully move this Court for (1) leave to enter a limited and special appearance on behalf of Defendant Megaupload Limited for the purpose of filing a motion to dismiss for lack of personal jurisdiction and to withdraw their limited appearances at their option after the Court's resolution of the motion to dismiss, (2) leave to enter limited and special appearances on behalf of Defendants Megaupload Limited, Kim Dotcom, Mathias Ortmann, Bram Van der Kolk, and Finn Batato ("Defendants") for purposes of filing a motion under *United States v. Farmer*, 274 F.3d 800 (4th Cir. 2001), and to withdraw their limited appearances at their option after the Court's resolution of the *Farmer* motion, and (3) leave to exceed the page limit prescribed by Local Rule 47(F)(3) with respect to the *Farmer* motion. Copies of the motion to dismiss, *Farmer* motion and supporting memoranda that Movants propose to file and argue pursuant to their limited and special appearances are appended hereto for the benefit of the parties and the Court as Exhibit 1 (motion to dismiss) and Exhibit 2

(*Farmer* motion). In the event that the requested leave is granted, Movants respectfully request that the proposed briefing be accepted as filed *nunc pro tunc* as of this date.

1. The grounds for this Court to permit a limited appearance have already been briefed and need not be belabored. Indeed, this Court has already permitted Movants to appear on a limited basis, albeit while stopping short of granting leave for Movants to appear for the instant purpose. *See* April 13 Hrg. Tr. (Dkt. 84) at 27:21-23 ("THE COURT: I am going to allow you to appear limited, for purposes of this hearing today on a limited basis. I won't hold you in the case after today."). For present purposes, Movants simply incorporate by reference their prior briefing on this point, *see* Memo. in Support of Mot. for Leave to Enter Limited Appearance (Dkt. 60); Rebuttal Memo. in Support of Mot. for Leave to Enter Limited Appearance (Dkt. 79), focusing herein only on considerations that specially support grant of the requested leave at this time.

2. Megaupload the corporation has not been served, as this Court and the Government have acknowledged. *See* April 13 Hrg. Tr. (Dkt. 84) at 18:16-20 ("THE COURT: Well, we have got—Separate for me the argument—Because Megaupload is a criminal defendant, a corporate entity who has not been served with a summons. So, they are kind of hanging out there, and that's an issue that maybe we need to talk about as well."), 39:7-8 ("Megaupload is a separate entity and they haven't been served."). Nor can it be served. Due process therefore dictates that the Indictment be dismissed as to Megaupload, as set forth more fully in the attached motion to dismiss.

3. In addition to the fact that Megaupload the corporation has not been served with a summons in this case, Defendants Dotcom, Ortmann, Van der Kolk, and Batato are presently exercising their rights to challenge extradition in New Zealand. Since none of the Defendants

has yet been brought within this Court's jurisdiction, Movants respectfully request that the Court permit them to also enter a special appearance on behalf of the Defendants for the sole purpose of filing and arguing the attached motions, without waiving any of Defendants' jurisdictional objections. It is well-within this Court's authority and thoroughly appropriate to permit such an appearance. *See, e.g.*, *United States v. Swank Corp.*, 797 F. Supp. 497, 499 (E.D. Va. 1992) ("By Order dated June 9, 1992, leave of Court was granted to Thomas Williamson, Jr. for a special appearance to make the instant motion. The sole purpose of the motion is to permit the release of assets to Mr. Swank to enable him to retain counsel of his choice—namely, the law firm of Williamson & Stoneburner."); *see also United States v. Tucor Int'l, Inc.*, No. 92-cr-425, at 7 (N.D. Cal. Oct. 20, 1997) (granting defendant's motion for leave to make a special appearance in a criminal case for the limited purpose of filing a motion to dismiss the indictment) (copy attached as Exhibit 3).

     3. Movants have to this point made formidable expenditures without any recompense. Notwithstanding that Defendants desire to pay Movants as their counsel of choice pursuant to signed retainer agreements, Defendants are unable to do so because all of their assets have been seized. Although a New Zealand court is permitting Mr. Dotcom to make limited withdrawals to cover his family's monthly living expenses, those funds cannot be used to pay legal fees. *See* Ex. B to Govt. Opp. to Mot. for Leave to Enter Limited Appearance (Dkt. 76-2) at 2 ¶¶ 6.1.1, 6.1.2, 6.2 (releasing assets for "living expenses" and indicating that the court will consider "further applications for any matter other than living expenses."). Absent *Farmer* relief, Movants's ongoing efforts on behalf of Defendants will be compromised; it seems highly dubious that comparable counsel would assume this representation and move this case forward without recompense.

4. As ordered by the Court, the parties in this case have undertaken extensive negotiations, superintended by the Magistrate Judge, in an attempt to reach agreement on how Megaupload's servers, currently maintained by third-party Carpathia Hosting, Inc., should be preserved. Those negotiations have reached an impasse that only resolution of *Farmer* relief can break. Whereas the Government insists that preservation be funded from Defendants' seized assets, Defendants cannot assent to expenditure of precious assets (from which the Government has not assented to release of so much as a penny to enable defense) absent assurance that the expenditure will be of ultimate assistance to their criminal defense. Only if Defendants are permitted to pay their counsel will they have such assurance. Thus, *Farmer* relief is the predicate for the preservation agreement that stands to benefit all parties.

5. With respect to the *Farmer* motion, good cause exists to permit Movants to exceed the thirty (30) page limit prescribed by Local Rule 47(F)(3) because (1) this is one of "the largest criminal copyright cases ever brought by the United States,"[1] presenting novel issues throughout and an extraordinary procedural posture; (2) Movants are bringing the motion on behalf of five separately named defendants, who are the primary defendants in the case; (3) Movants' motion addresses core merits issues that span the full breadth of the case; and (4) Movants are proceeding in a manner—as set forth more fully in the *Farmer* motion—that obviates the need for a live evidentiary hearing.

\* \* \*

For the foregoing reasons, Movants respectfully request that the Court grant the undersigned leave to appear on a limited and special basis in order to argue on behalf of

---

[1] *See* Press Release, U.S. Department of Justice, *Justice Department Charges Leaders of Megaupload with Widespread Online Copyright Infringement* (Jan. 19, 2012) (available at http://www.justice.gov/opa/pr/2012/January/12-crm-074.html)

Defendants the merits of the proposed submissions filed herewith without waiving any of Defendants' objections to this Court's jurisdiction, and that the Court deem the proposed submissions properly filed *nunc pro tunc* as of this date. Movants further request that the Court grant them leave to exceed the page limit prescribed by Local Rule 47(F)(3). A proposed order is attached.

|  |  |
|---|---|
| | Respectfully submitted, |
| | _/s/ Heather H. Martin_ |
| Ira P. Rothken | William A. Burck |
| ROTHKEN LAW FIRM | Derek L. Shaffer |
| 3 Hamilton Landing | Heather H. Martin (VSB # 65694) |
| Suite 280 | QUINN EMANUEL URQUHART & |
| Novato, CA 94949 | SULLIVAN LLP |
| (415) 924-4250 | 1299 Pennsylvania Avenue N.W., Suite 825 |
| (415) 924-2905 (fax) | Washington, D.C. 20004 |
| ira@techfirm.net | (202) 538-8000 |
| | (202) 538-8100 (fax) |
| | williamburck@quinnemanuel.com |
| | derekshaffer@quinnemanuel.com |
| | heathermartin@quinnemanuel.com |

Carey R. Ramos
Robert L. Raskopf
Andrew H. Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, N.Y.  10010
(212) 849-7000
(212) 849-7100
careyramos@quinnemanuel.com
robertraskopf@quinnemanuel.com
andrewschapiro@quinnemanuel.com

*(Counsel for Defendants Megaupload Limited and Kim Dotcom)*


     _/s/ Craig C. Reilly_
Craig C. Reilly (VSB # 20942)
111 Oronoco Street
Alexandria, VA 22314
(703) 549-5354
(703) 549-2604 (fax)
craig.reilly@ccreillylaw.com

*(Counsel for Defendants Mathias Ortmann, Bram Van der Kolk & Finn Batato)*

Dated:  May 30, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2012, the foregoing MOTION OF QUINN EMANUEL URQUHART & SULLIVAN LLP, THE ROTHKEN LAW FIRM, AND CRAIG C. REILLY, ESQ. FOR LEAVE TO ENTER LIMITED AND SPECIAL APPEARANCES ON BEHALF OF MEGAUPLOAD LIMITED, KIM DOTCOM, MATHIAS ORTMANN, BRAM VAN DER KOLK & FINN BATATO AND TO EXCEED PAGE LIMIT & MEMORANDUM IN SUPPORT THEREOF was filed and served electronically by the Court's CM/ECF system upon all registered users.

Ira P. Rothken
ROTHKEN LAW FIRM
3 Hamilton Landing
Suite 280
Novato, CA 94949
(415) 924-4250
(415) 924-2905 (fax)
ira@techfirm.net

    /s/ Heather H. Martin
William A. Burck
Derek L. Shaffer
Heather H. Martin (VSB # 65694)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
1299 Pennsylvania Avenue N.W., Suite 825
Washington, D.C. 20004
(202) 538-8000
(202) 538-8100 (fax)
williamburck@quinnemanuel.com
derekshaffer@quinnemanuel.com
heathermartin@quinnemanuel.com

Carey R. Ramos
Robert L. Raskopf
Andrew H. Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, N.Y.  10010
(212) 849-7000
(212) 849-7100
careyramos@quinnemanuel.com
robertraskopf@quinnemanuel.com
andrewschapiro@quinnemanuel.com

*(Counsel for Defendants Megaupload Limited and Kim Dotcom)*

- 2 -

     */s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
111 Oronoco Street
Alexandria, VA 22314
(703) 549-5354
(703) 549-2604 (fax)
craig.reilly@ccreillylaw.com

*(Counsel for Defendants Mathias Ortmann, Bram Van der Kolk & Finn Batato)*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KIM DOTCOM, et al., )<br>)<br>Defendants )<br>) | The Honorable Liam O'Grady<br><br>Criminal No. 1:12-CR-3 |

**[PROPOSED] ORDER**

UPON CONSIDERATION of the motion filed by non-parties Quinn Emanuel Urquhart & Sullivan LLP, the Rothken Law Firm, and Craig C. Reilly, Esq. and for the reasons stated in support thereof, it is hereby:

ORDERED that attorneys from Quinn Emanuel Urquhart & Sullivan LLP and the Rothken Law Firm are granted leave to entered limited and special appearances on behalf of Defendant Megaupload Limited for the purpose of filing a motion to dismiss the Indictment.

It is further ORDERED that attorneys from Quinn Emanuel Urquhart & Sullivan LLP, the Rothken Law Firm, and Craig C. Reilly, Esq. are granted leave to enter limited and special appearances on behalf of Defendants Megaupload Limited, Kim Dotcom, Mathias Ortmann, Bram Van der Kolk, and Finn Batato for the purposes of filing and litigating a motion under *United States v. Farmer*.

It is further ORDERED that Defendants Megaupload Limited, Kim Dotcom, Mathias Ortmann, Bram Van der Kolk, and Finn Batato will not be deemed to have waived any of their jurisdictional objections by virtue of the filing or arguing of the motion and supporting

- 2 -

memorandum of law under *United States v. Farmer* or by virtue of the filing or arguing of Defendant Megaupload Limited's motion to dismiss the Indictment.

It is further ORDERED that the motion and supporting memorandum of law under *United States v. Farmer* that the above-referenced counsel have proposed for filing pursuant to their limited and special appearances shall be deemed to have been properly filed *nunc pro tunc* on May 30, 2012.

It is further ORDERED that the motion to dismiss and supporting memorandum of law on behalf of Megaupload Limited that the above-referenced counsel have proposed for filing pursuant to their limited and special appearances shall be deemed to have been properly filed *nunc pro tunc* on May 30, 2012.

It is further ORDERED that, after the Court's resolution of the motion to dismiss or any motion filed under *United States v. Farmer*, counsel entering limited and special appearances pursuant to this Order may at their option withdraw their appearances without seeking further approval from this Court.

It is further ORDERED, for good cause shown, that the motion and supporting memorandum of law under *United States v. Farmer* that the above-referenced counsel have proposed for filing pursuant to their limited and special appearances may exceed the thirty (30) page limit prescribed by Local Rule 47(F)(3).

Dated: May __, 2012

_____
Judge Liam O'Grady
United States District Judge