IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | The Honorable Liam O'Grady |
| | ) | |
| KIM DOTCOM, et al., | ) | |
| | ) | Criminal No. 1:12-CR-3 |
| Defendants | ) | |
| | ) | |

**[PROPOSED] MOTION OF SPECIALLY-APPEARING DEFENDANT MEGAUPLOAD LIMITED TO DISMISS INDICTMENT FOR LACK OF PERSONAL JURISDICTION & MEMORANDUM OF LAW IN SUPPORT THEREOF**

Megaupload Limited ("Megaupload") is a foreign corporation with no U.S. agents or offices. The Federal Rules of Criminal Procedure prescribe specific requirements for serving a summons on a corporate defendant in a criminal case. These requirements are neither vague nor optional – they quite explicitly require both service upon an agent of the corporation <u>and</u> a mailing to the corporation's last known address within the United States. The Federal Rules do not contemplate service of a criminal summons on a wholly foreign corporation without an agent or offices in the United States. Wholly foreign corporations, therefore, may not be prosecuted for alleged violations of federal criminal law unless they waive service. In short, a corporation such as Megaupload cannot be brought within the jurisdiction of this Court for criminal proceedings absent its consent.

Megaupload specially appears for the limited purpose of challenging personal jurisdiction and seeking a dismissal of the indictment against it.

## BACKGROUND

On January 5, 2012, the Government indicted Megaupload, its founder, Kim Dotcom, and six other individuals in one of "the largest criminal copyright cases ever brought by the

United States[;]" concurrently seized every source of funding available to the Defendants; and forced Megaupload to shut down. The Indictment alleges that Megaupload, Mr. Dotcom, and the six other Defendants "were members of the 'Mega Conspiracy,' a worldwide criminal organization whose members engaged in criminal copyright infringement and money laundering on a massive scale with estimated harm to copyright holders well in excess of $500,000,000 and reported income in excess of $175,000,000." Indictment ¶ 1 (Dkt. 1).

Also on January 5, 2012, the Government obtained from the Court warrants for the arrest of Mr. Dotcom (Dkt. 6 at 1); Finn Habib Batato (Dkt. 6 at 2); Julius Bencko (Dkt. 6 at 3); Sven Echternach (Dkt. 6 at 4); Mathias Ortmann (Dkt. 6 at 5); Andrus Nomm (Dkt. 6 at 6); and Bram Van Der Kolk (Dkt. 6 at 7). The Government did not (and of course, could not)[1] obtain an arrest warrant for Megaupload. *See* Dkt. 6. The Government also did not request a summons as to Megaupload, despite being required to do so under the Federal Rules. *See* Criminal Case Cover Sheet for Megaupload Limited (Dkt. 3) at 2 (Jan. 5, 2012) (the space marked "Summons Requested" is blank); FED. R. CRIM. P. 9 ("The court *must* issue a warrant—or at the government's request, a summons—for each defendant named in an indictment or named in an information if one or more affidavits accompanying the information establish probable cause to believe that an offense has been committed and that the defendant committed it.") (emphasis added). It is thus apparent that, on January 5, 2012, the Government saw fit to indict Megaupload, seize all its assets, and force the company into extinction without serving—or even attempting to serve—the company in any way, shape or form.

---

[1]    It is well-settled that corporate entities, which are not natural persons, cannot be arrested. *See, e.g., Sharp v. Commercial Solvents Corp.*, 232 F. Supp. 323, 326 (N.D. Tex. 1964) (noting that "a corporation, . . . cannot be subjected to arrest"); *United States v. Schallinger Produce Co.*, 230 Fed. 290, 293 (E.D. Wa. 1914) (noting that the "prosecution is against a corporation, where no warrant of arrest is applied for or can be issued"). A corporate defendant in a criminal case must, therefore, be served with the summons.

On February 16, 2012, simultaneous with its filing of the Superseding Indictment (Dkt. 34), the Government obtained from the Court superseding arrest warrants for each of the individual Defendants, but once again neglected to obtain an arrest warrant for Megaupload or to request service of a summons on the company. *See* Dkt. 37; *see also* Superseding Criminal Cover Sheet for Megaupload Limited (Dkt. 36) at 3 (Feb. 16, 2012) (the space marked "Summons Requested" is blank). Indeed, nowhere on the docket is there any indication, such as a confirmation of a "Return of Summons," that the Government has ever attempted to serve Megaupload with a summons since the Government indicted the company in January and caused its instantaneous demise.

On April 5, 2012, undersigned counsel for Megaupload filed a motion for leave to enter a limited appearance in this case for the limited purpose of, inter alia, seeking to preserve evidence critical to the defense of this case, including responding to the Emergency Motion for Protective Order filed by Carpathia Hosting, Inc.  (Dkt. 59-60).  In our response to the Government's objection to our motion for leave to enter a limited appearance, we informed the Court of the Government's failure to serve Megaupload with a summons.  Rebuttal in Support of Motion for Leave to Enter Limited Appearance (Dkt. 79) at 2.  During the April 13, 2012 hearing concerning Carpathia's motion, the Court acknowledged that the Government's failure to serve Megaupload is an "issue." April 13 Hrg. Tr. (Dkt. 84) at 18:16-20 ("Well, we have got—separate for me the argument—because Megaupload is a criminal defendant, a corporate entity who has not been served with a summons.  So, they are kind of hanging out there, and that's an issue that maybe we need to talk about as well.").  The Government conceded that it has failed to serve Megaupload, *see id*. at 18:22-19:2, and, at the conclusion of the hearing, the Court observed that, with regard to the lack of service on Megaupload, "further briefing . . . is going to

be necessary on that because Megaupload is a separate entity and they haven't been served[,]" *id.* at 39:5-8.  Indeed, the Court noted that we "frankly don't know that we are ever going to have a trial in this matter." *Id.* at 39:10-11.  It is the Government's decision to indict the company while never attempting to effect service on it, and perhaps realizing that it cannot do so under the Federal Rules, that, on the Court's invitation, we address here.

## ARGUMENT

### I.   THE GOVERNMENT HAS NOT VALIDLY SERVED MEGAUPLOAD WITH PROCESS, AND IT CANNOT DO SO.

Service of process is "fundamental to any procedural imposition on a named defendant" and a prerequisite to the exercise of the Court's power over it.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  "When a defendant raises a challenge to the sufficiency of service of process, the government bears the burden of proving its adequacy." *United States v. Porter*, No. 03-CR-0129 (CPS), 2008 WL 5377946, at *10 (E.D.N.Y. Dec. 23, 2008); *see also McCormack v. City & County of Honolulu*, No. 10-00293 SOM/KSC, 2011 WL 6934710, at *3 (D. Haw. Dec. 30, 2011) (noting same in civil context and citing authorities).

Federal Rule of Criminal Procedure 4(c)(2)[2] poses an important hurdle to serving a corporation that resides on another sovereign's soil:  "A warrant may be executed, or a summons served, within the jurisdiction of the United States or anywhere else a federal statute authorizes

---

[2]   Rule 4 applies to warrants and summonses issued following a criminal complaint.  Rule 9, which applies to warrants and summonses following a grand jury indictment, incorporates Rule 4(c) by reference.  *See, e.g.*, FED. R. CRIM. P. 9(c)(1)(A) ("The warrant must be executed or the summons served as provided in Rule 4(c)(1), (2), and (3).").

arrest."  By its clear terms, therefore, Rule 4(c)(2) does not allow for service of a summons on a foreign defendant in a foreign country.

The next section of Rule 4 states that:

A summons is served on an organization by delivering a copy to an officer, to a managing or general agent, or to another agent appointed or legally authorized to receive service of process.  A copy *must also* be mailed to the organization's last known address within the district or to its principal place of business elsewhere in the United States.

FED. R. CRIM. P. 4(c)(3)(C) (emphasis added).  Thus, on its face, Rule 4(c)(3)(c) imposes two conjunctive requirements:  First, the summons must be served upon an individual in one of the categories enumerated in the Rule.  Second, and in addition, a copy must be mailed to the corporation's last known address in its district or principal place of business in the United States. Here, the Government has failed to comply with *either* requirement.

To date, the Government has not served a summons on any officer or agent of Megaupload.  The Court has noted this lack of service and the Government has effectively acknowledged it.  *See* April 13 Hrg. Tr. (Dkt. 84) at 18:16-20 ("THE COURT: Well, we have got—Separate for me the argument—Because Megaupload is a criminal defendant, a corporate entity who has not been served with a summons.  So, they are kind of hanging out there, and that's an issue that maybe we need to talk about as well."), 39:7-8 ("Megaupload is a separate entity and they haven't been served.").  This failure to serve the company is not surprising, because Megaupload does not have any officers or authorized agents for service of process in the United States.  Even if the Government could find a Megaupload officer or agent within the United States—if, for example, Mr. Dotcom is eventually extradited here—the Government *still* could not properly serve Megaupload.  In no event can the Government satisfy Rule 4's second requirement that it mail the summons to Megaupload's "last known address within the district or

to its principal place of business elsewhere in the United States," for no such address exists. Megaupload does not have an office in the United States, nor has it had one previously. Service of a criminal summons on Megaupload is therefore impossible, which forecloses the Government from prosecuting Megaupload. *See United States v. Johnson Matthey PLC*, No. 2:06-CR-169 DB, 2007 WL 2254676, at *2 (D. Utah Aug. 2, 2007) (holding that, because the foreign corporate defendant "does not now have, nor has it ever had, an address in this District, or a place of business within the United States[,]" service was necessarily invalid under Rule 4); *see also* FED. R. CRIM. P. 4, Committee Notes on Rules—2002 Amendment ("Under the amended rule, in all cases in which a summons is being served on an organization, a copy of the summons *must* be mailed to the organization.") (emphasis added).

In sum, the Government cannot serve Megaupload, a foreign corporation that has no agent or office in the United States.

## II. THE COURT SHOULD DISMISS THE INDICTMENT AGAINST MEGAUPLOAD TO PREVENT ANY FURTHER INJUSTICE.

Courts "may dismiss an indictment as an exercise of their inherent supervisory power or to protect a defendant's due process rights." *See United States v. Al Mudarris*, 695 F.2d 1182, 1185 (9th Cir. 1983) (internal citations omitted). A corporate defendant such as Megaupload is entitled to due process of law. *See Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 285 (1989). Due process includes both procedural and substantive components. *See Love v. Pepersack*, 47 F.3d 120, 122 (4th Cir. 1995), cert. denied, 516 U.S. 813 (1995). Analysis of a procedural due process claim involves a two-step inquiry: "the first asks whether there exists a liberty or property interest which has been interfered with by the State," *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citing *Board of Regents of State*

*Colls. v. Roth*, 408 U.S. 564 (1972)); "the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Id.*

Both prongs of the procedural due process test are plainly met here.  The Government has seized Megaupload's property and domain name, ruined its reputation, and destroyed its business pursuant to an indictment which is fatally flawed as a jurisdictional matter.  Megaupload now finds itself in a state of abeyance, with no end in sight.  As a result of the Government's inability to properly serve the summons on Megaupload, this Court lacks jurisdiction over the company. *See Murphy Bros.*, 526 U.S. at 350.  In the absence of effective service of process, criminal proceedings against Megaupload cannot commence, and as the Court has aptly noted, we "frankly don't know that we are ever going to have a trial in this matter."  April 13 Hrg. Tr. (Dkt. 84) at 39:10-11.  Megaupload is thus deprived of any procedure to clear its name or recoup its property, in clear violation of its due process rights.[3]

## CONCLUSION

For the foregoing reasons, specially-appearing Defendant Megaupload Limited respectfully requests that the Court dismiss the Superseding Indictment against it.

---

[3]   To the extent the Government answers that Megaupload could cure this defect by simply accepting service, waiving its jurisdictional arguments, and voluntarily appearing to challenge the allegations, the Government offers no answer at all.  As a foreign corporation with no agents or offices in the United States, Megaupload lies beyond the intended class of criminal defendants amenable to service of process under Federal Rule of Criminal Procedure 4.  To suggest that the Government is free to indict such defendants and to impose the substantial harms that necessarily accompany an indictment, only to insist that the defendant must subject itself to the court's jurisdiction in order to challenge the Government's overreach, is to render the Federal Rules less than meaningless.

Respectfully submitted,

Ira P. Rothken
ROTHKEN LAW FIRM
3 Hamilton Landing
Suite 280
Novato, CA 94949
(415) 924-4250
(415) 924-2905 (fax)
ira@techfirm.net

_____/s/ Heather H. Martin_____
William A. Burck
Derek L. Shaffer
Heather H. Martin (VSB # 65694)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
1299 Pennsylvania Avenue N.W., Suite 825
Washington, D.C. 20004
(202) 538-8000
(202) 538-8100 (fax)
williamburck@quinnemanuel.com
derekshaffer@quinnemanuel.com
heathermartin@quinnemanuel.com

Carey R. Ramos
Robert L. Raskopf
Andrew H. Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, N.Y.  10010
(212) 849-7000
(212) 849-7100
careyramos@quinnemanuel.com
robertraskopf@quinnemanuel.com
andrewschapiro@quinnemanuel.com

*Counsel for Specially-Appearing Defendant
Megaupload Limited*

Dated:  May 30, 2012

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 30, 2012, the foregoing [PROPOSED] MOTION OF

SPECIALLY-APPEARING DEFENDANT MEGAUPLOAD LIMITED TO DISMISS

INDICTMENT FOR LACK OF PERSONAL JURISDICTION & MEMORANDUM OF LAW IN

SUPPORT THEREOF was filed and served electronically by the Court's CM/ECF system upon

all registered users.


Ira P. Rothken
ROTHKEN LAW FIRM
3 Hamilton Landing
Suite 280
Novato, CA 94949
(415) 924-4250
(415) 924-2905 (fax)
ira@techfirm.net

_____/s/ Heather H. Martin_____
William A. Burck
Derek L. Shaffer
Heather H. Martin (VSB # 65694)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
1299 Pennsylvania Avenue N.W., Suite 825
Washington, D.C. 20004
(202) 538-8000
(202) 538-8100 (fax)
williamburck@quinnemanuel.com
derekshaffer@quinnemanuel.com
heathermartin@quinnemanuel.com


Carey R. Ramos
Robert L. Raskopf
Andrew H. Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, N.Y.  10010
(212) 849-7000
(212) 849-7100
careyramos@quinnemanuel.com
robertraskopf@quinnemanuel.com
andrewschapiro@quinnemanuel.com


*Counsel for Specially-Appearing Defendant
Megaupload Limited*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | The Honorable Liam O'Grady |
| | ) | |
| KIM DOTCOM, et al., | ) | |
| | ) | Criminal No. 1:12-CR-3 |
| Defendants | ) | |
| | ) | |

## [PROPOSED] ORDER

Pursuant to Federal Rule of Criminal Procedure 4 and Local Criminal Rule 47, Defendant Megaupload Limited ("Megaupload") specially appears to move to dismiss the Superseding Indictment for lack of personal jurisdiction.  The COURT, having considered Megaupload's motion, the Government's response thereto, and Megaupload's reply in support of its motion, and being fully advised in the premises, finds that the Government has failed to serve Megaupload with service of process and cannot do so in compliance with Federal Rule of Criminal Procedure 4.  Accordingly, it is hereby

ORDERED that said motion is GRANTED.

The Superseding Indictment against Defendant Megaupload Limited is DISMISSED .

Date: _____
      Alexandria, Virginia

_____
The Honorable Liam O'Grady
United States District Judge