HCMP 116/2012

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
MISCELLANEOUS PROCEEDINGS NO. 116 OF 2012

IN THE MATTER OF THE
MUTUAL LEGAL ASSISTANCE IN
CRIMINAL MATTERS ORDINANCE (CAP. 525)
[Section 27 and Schedule 2, Section7]

AND

IN THE MATTER OF

| | |
|---|---|
| Kim Dotcom, also known as Kim Schmitz, Tim Vestor and Kim Tim Jim Vestor (A National of Germany and Finland and a Resident of Hong Kong and New Zealand) | 1st Defendant |
| Megaupload Limited (A Hong Kong Company) | 2nd Defendant |
| Vestor Limited (A Hong Kong Company) | 3rd Defendant |
| Finn Habib Batato (A National of Germany) | 4th Defendant |
| Julius Bencko (A National of Slovakia) | 5th Defendant |
| Sven Hendrik Michael Thies Echternach (A National of Germany) | 6th Defendant |
| Mathias Ortmann (A National of Germany) | 7th Defendant |
| Andrus Nomm (A National of Estonia) | 8th Defendant |
| Bram van der Kolk (A National of the Netherlands) | 9th Defendant |
| John Paul Llasus Lo (A National of the Philippines) | 10th Defendant |
| Bart Rene Anna Van Lancker | 11th Defendant |
| Lovely Roann Vargas | 12th Defendant |

1

| | |
|---|---|
| Wayne Tempero | 13th Defendant |
| Megamusic Limited (A Hong Kong Company) | 14th Defendant |
| Megapay Limited (A Hong Kong Company) | 15th Defendant |
| Megamedia Limited (A Hong Kong Company) | 16th Defendant |
| A Limited (A Hong Kong Company) | 17th Defendant |
| N1 Limited (A Hong Kong Company) | 18th Defendant |
| RNK Media Company (A Hong Kong Company) | 19th Defendant |
| Megastuff Limited (A New Zealand Company) | 20th Defendant |

----------

## 2ND AFFIRMATION OF LAM PO YU, BONNIE

----------

I, **LAM Po Yu, Bonnie** of Suite 2314, Convention Plaza Apartment, 1 Harbour Road, Wanchai, Hong Kong, do solemnly, sincerely and truly affirm and say as follows:-

1.     I make this Affirmation in response to suggestions made in the Submissions made by the Department of Justice, that Megaupload Limited ("the Company") may have other assets available apart from the bank accounts frozen by the Restraint Order.

2.     I am the Chief Financial Officer.  I know that there are no other available bank accounts of the Company or any subsidiary which can be drawn upon to pay the expenses. It has no money in any other accounts either inside or outside the jurisdiction of Hong Kong.

3.  My previous Affirmation stated that the Company's accounts were frozen and it is obvious that I meant that there were no funds available to meet the expenses (see paragraphs 14 and 189 and 20). I do not believe that the Department of Justice can genuinely be in any doubt about this, because the United States Department of Justice and the Customs & Excise Department in Hong Kong have already identified all of the Company's bank accounts and frozen them.

4   With regard to paragraph 18 of the Submissions, this is an application by the 2nd Defendant. It is not an application by or for other defendants and it is only for the 2nd Defendant's legal costs. I can confirm that no other defendants have offered to pay the 2nd Defendant's legal costs.

5.  From our point of view I do not understand paragraph 19 of the Submission. The Restraint Order is made in Hong Kong. I do not see how the Company could make an application in the United States for the Hong Kong Restraint Order to be varied. Nor do I see how it is proposed by the Department of Justice that we would pay lawyers to represent the Company in the United States to make an application. The Department of Justice is saying that no money should be released from our bank account to pay. Paragraph 19 is illogical.

6.  With regard to paragraph 20 and 21, I believe the Department of Justice shows a disregard for the principles of a fair trial. The 2nd Defendant denies the charges. The Company had a huge business which was patronised by millions of honest customers, who store their personal data. It is not a criminal conspiracy. It is a data storage service company, like YouTube. It is unfair for the Department of Justice to proceed on the basis that the Company should be denied funds to obtain the data which will prove innocence. The Department of Justice, do not appear to take the justice of the issue into account at all.

7.  With regard to paragraph 22, the Submissions are also illogical from the Company's point of view. We wish to keep the Company going for the

3

purpose of dealing with this litigation. There are expenses for lawyers in representing the Company in a number of respects arising from this litigation. How can it be fair for the Department of Justice to treat the Company as dead, and say it is not entitled to expenses to protect its legal rights?

8.    With regard to paragraph 23, I confirm once again that the Company has no other assets apart from the restrained accounts and operational equipment.

9.    With regard to paragraph 24, it appears that the Department of Justice do not undestand the position. There is no question of the 1st Defendant "hiding behind" the 2nd Defendant. Nor is there any question of the 2nd Defendant paying his personal debt. The 1st Defendant has a Lease of premises at the Hyatt which was used partly for his personal use, and partly for the company. We need to move the Company's belongings out of it, and also the 1st Defendant's, so that the Lease can be surrendered. If that is not done, than the Hyatt would continue to charge millions of dollars in rent. The proposal is that the 2nd Defendant removes its belongings, and something has to be done with them. They could be put in storage. However, that would mean that the storage charges have to be paid. That would mean that an application would have to be made for money to pay for those storage charges. Or we could "dispose" of the items by throwing them away. The proposal that I have made is that the property be sold, to avoid storage charges and also to free the space so that the vacant possession can be given. The money from sale would go into the frozen accounts. With regard to the 1st Defendant's property, as a matter of common sense it is suggested that the 1st Defendant's property be removed and sold at the same time in the same way and he has approved that. The Department of Justice approach would mean that moving those can not be done until he makes an application, and millions of dollars in rent may accrue.

10.   There is an erroneous reference to "expenses for all defendants" in
paragraph 25.  We are concerned only with bills payable by the Company.


Affirmed at                                    )

DLPHAM, LI & NIE               )
this day 14th of February 2012.    )
ST. GEORGE'S BUILDING
ET, CENTRAL, HONG KONG
28680696   FAX: (852) 28106796

Before me,


Chu Lai Shan
Solicitor, Hong Kong SAR

HCMP 116/2012

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
MISCELLANEOUS PROCEEDINGS NO. 116 OF 2012

IN THE MATTER OF THE
MUTUAL LEGAL ASSISTANCE IN
CRIMINAL MATTERS ORDINANCE (CAP. 525)
[Section 27 and Schedule 2, Section7]

AND

IN THE MATTER OF

| | |
|---|---|
| Kim Dotcom, also known as Kim Schmitz, Tim Vestor and<br>Kim Tim Jim Vestor<br>(A National of Germany and Finland and a Resident of<br>Hong Kong and New Zealand) | 1st Defendant |
| Megaupload Limited<br>(A Hong Kong Company) | 2nd Defendant |
| Vestor Limited<br>(A Hong Kong Company) | 3rd Defendant |
| Finn Habib Batato<br>(A National of Germany) | 4th Defendant |
| Julius Bencko<br>(A National of Slovakia) | 5th Defendant |
| Sven Hendrik Michael Thies Echternach<br>(A National of Germany) | 6th Defendant |
| Mathias Ortmann<br>(A National of Germany) | 7th Defendant |
| Andrus Nomm<br>(A National of Estonia) | 8th Defendant |
| Bram van der Kolk<br>(A National of the Netherlands) | 9th Defendant |
| John Paul Llasus Lo<br>(A National of the Philippines) | 10th Defendant |

6

| | |
|---|---|
| Bart Rene Anna Van Lancker | 11th Defendant |
| Lovely Roann Vargas | 12th Defendant |
| Wayne Tempero | 13th Defendant |
| Megamusic Limited (A Hong Kong Company) | 14th Defendant |
| Megapay Limited (A Hong Kong Company) | 15th Defendant |
| Megamedia Limited (A Hong Kong Company) | 16th Defendant |
| A Limited (A Hong Kong Company) | 17th Defendant |
| N1 Limited (A Hong Kong Company) | 18th Defendant |
| RNK Media Company (A Hong Kong Company) | 19th Defendant |
| Megastuff Limited (A New Zealand Company) | 20th Defendant |

## 2ND AFFIRMATION OF LAM PO YU, BONNIE

Dated the 14th day of February 2012
Filed on the 15th day of February 2012.

Haldanes
7th Floor, Ruttonjee House
11 Duddell Street
Central
Hong Kong

Tel: 2868 1234
Ref: 2012320155/JNM/GNB/AMP/ETT/uy

7