IN THE DISTRICT COURT
NORTH SHORE

| | |
|---|---|
| UNDER THE | EXTRADITION ACT 1999 |
| IN THE MATTER OF | AN APPLICATION FOR BAIL |
| BETWEEN | BRAM VAN DER KOLK |
| | Applicant |
| AND | THE UNITED STATES OF AMERICA |
| | Respondent |

---

AFFIDAVIT OF BRAM VAN DER KOLK IN SUPPORT OF APPLICATION FOR BAIL
SWORN THE 23rd DAY OF JANUARY 2012

---

**Solicitors:**
Simpson Grierson
Barristers & Solicitors
Private Bag 92518
Auckland 1141
Tel: (09) 358 2222
Fax: (09) 307 0331

**Counsel:**
Guyon Foley
Barrister
P O Box 105 267
Auckland 1143
Email: gfoley@gfoley.co.nz
Tel: (09) 307 1300
Fax: (09) 307 8182

I, **BRAM VAN DER KOLK**, swear:

1. That is my full name.

**Background**

2. I was born in the Netherlands on 30 September 1982.

3. I completed my schooling in the Netherlands, including higher education. I studied computer science for two years.

4. Shortly after completing my qualification, Kim Schmitz offered me a job as a programmer.

5. I have worked for Megaupload since 2005, the beginning of the business.

6. I am a minority shareholder of the business – 2.5%. That was part of the package when I came on board.

7. In April 2011 I relocated to New Zealand with my wife, Junelyn. We live at 37 Ngaiwi Street, Orakei. We rent that address. My wife and I have a son, Alexander, aged 2. I am a New Zealand Resident.

**Character**

8. I have no convictions in New Zealand or anywhere in the world.

**Allegations**

9. I strongly deny the United States Government's allegations that I was involved in a conspiracy to significantly breach copyright laws and other allegations.

10. The point of me being involved with Megaupload was to grow a strong file hosting and storage website.



2

11. I was responsible for the taking down of copyright infringing material – complying with DMCA. We took down thousands of files each day.

12. Part of the company's mechanisms was direct co-operation with copyright holders, including Disney, Microsoft, RIAA, Warner Brothers, and many others.

13. I strongly believe the way we were conducting our business was legal. I was aware the main servers were in the United States, and considered there was no difficulty with that. From time to time we did consider whether aspects of our business might have infringed the law, but my belief was that generally the business was conducting itself within the law.

14. Megaupload also had significant legal advice in the United States – one in-house lawyer, and outside legal advice. We relied upon that advice in terms of ensuring the business was conducted within the law.

**Bail**

15. If granted bail I would keep the conditions of my bail. I would remain in New Zealand and come to Court when required. If required to surrender myself to the Court to travel to the United States to face these charges, I would obey the Court's order.

16. I would not flee. I have a life in New Zealand with my family. I own an apartment in the Netherlands but it is rented out. The photograph in the FBI papers, set below my name and date of birth on the same page, is not me ~~or anyone I know~~.

17. My Dutch passport was at my home when police came and I expect the police seized it. I had an eticket for a flight to the Netherland to see my parents. That ticket was not printed off. I do not have any other travel documentation.



3

18. My accounts are as mentioned in the US Government papers plus two other accounts not mentioned in papers: one with HSBC Hong Kong which holds about HK$250,000 which is about 25,000 Euros and 15,000 Euros in RaboBank in Amsterdam. I do not have hidden funds.

19. I am overwhelmed by this experience. I intend to vigorously defend the charges brought against me. I would keep all reasonable conditions imposed by the Court, including, if need be, electronic monitoring.

SWORN at Auckland this
23rd day of January 2012
before me:

*L·J·S——*

*Barrister &Jr*
A Solicitor of the High Court of New Zealand
*Lucy Jane Smith*