# Exhibit A

U.S. Supreme court, Advisory
- rules of criminal procedure

KF
8722
.C55
D59
c.2

# FEDERAL RULES *of* CRIMINAL PROCEDURE

## WITH NOTES

prepared under the direction of the Advisory Committee
appointed by the United States Supreme Court

## AND PROCEEDINGS

#### OF THE

Institute conducted by the New York University School of
Law in collaboration with the Section of Criminal Law of
the American Bar Association, the New York State Bar Asso-
ciation and the Federal Bar Association of New York, New
Jersey and Connecticut at New York, February 15 and 16, 1946

Edited by Honorable Alexander Holtzoff, Secretary of the
Advisory Committee and Associate Justice of the United States
District Court for the District of Columbia

#### WITH

An Introduction by Honorable Tom C. Clark,
Attorney General of the United States

AMENDMENT TO CRIMINAL RULE 37, EFFECTIVE JULY 1,1954

NEW YORK UNIVERSITY SCHOOL OF LAW
1946

DEPT. OF JUSTICE

JUL 1 4 1981

LIBRARY

## Part II

# Proceedings

of the

Institute on Federal Rules of Criminal Procedure

Conducted by

NEW YORK UNIVERSITY SCHOOL OF LAW

in collaboration with

The Section of Criminal Law of the American Bar Association
The New York State Bar Association

AND

The Federal Bar Association of New York, New Jersey and
Connecticut

at the Association of the Bar of the City of New York

42 WEST 44TH STREET
NEW YORK, N. Y.

February 15 and 16, 1946

The new rule will supplement that and go further, as it should. I am very glad it does.

The search and seizure rule is obviously of supreme importance to the Department of Justice. Going back to the particular rules, the two speakers I think have discussed them so thoroughly that I don't believe there will be many problems left, but there may be some points which the members of this Institute would like to discuss.

Going to Rule 3, Complaint, as has been said, of course, the principal change in the existing law there is the fact that procedure now follows a Federal rule instead of state law. Are there any persons present who have anything to say on Rule 3?

Rule 4, the warrant or summons upon complaint; this I believe is a very important one. I wonder if anybody has any comment to make upon it.

JOSEPH W. BURNS: Mr. Strine, with reference to Rule 4, is it the intent to issue a summons if the defendant is a corporation? Previously there has been no method, under the Federal law, under which a corporation could be brought into court, and in most instances, if the defendant corporation had an attorney then they were represented; if it didn't have an attorney, they usually abandoned the proceedings.

The new Rules contain no specific method for bringing a defendant corporation into court, but the issuance of a summons, I presume, could be used for that purpose.

FRED STRINE: Well, there is already some authority that a summons can be issued to a corporation. I believe Judge Holtzoff will bear me out in my construction of this rule, that a summons can be used either for a natural person or a corporation.

JOSEPH W. BURNS: There is no doubt about it that a summons can be used against a corporation.

A MEMBER: Under Rule 9 (c) 1, you see a provision to the effect that the warrant shall be executed or the summons served as provided by Rule 4 (c). It goes on to say how a summons shall be served upon a corporation. Obviously there is adequate indication in that very language that a corporation can be brought into court in a criminal proceeding.

FRED STRINE: I think that is quite clear.

A MEMBER: It was my understanding of the summons that it doesn't actually effect the bringing of the defendant into court at all.

FRED STRINE: The summons doesn't compel his appearance.

A MEMBER: That is right, if the corporation cannot be compelled to come in. I understand the previous speaker to say that a corporation can be brought in as a defendant. The new rule wouldn't bring it into court anyhow.

FRED STRINE: It is obviously impossible to serve a warrant on a corporation.

A MEMBER: That is what I say, it doesn't bring about any change. The corporation is immune for practical purposes.

FRED STRINE: Under the new rules there is specific provision for the summons.

A MEMBER: Suppose the corporation sees fit to ignore the summons?

FRED STRINE: Could you clear that up, Judge Holtzoff?

HONORABLE ALEXANDER HOLTZOFF: I would say that if a corporation sees fit to ignore a summons that the court still would have a jurisdiction to impose a fine. Of course, as a practical matter, a corporation cannot now be sent to prison, but the question is whether a fine can be imposed on a corporation. We do know that corporations have been prosecuted under the Sherman law and various other regulatory statutes, and fines imposed on them. If they could avoid prosecution with impunity, they never would appear. Ordinarily they don't hesitate to hire counsel. I think a fine could be imposed.

FRANK PARKER: Mr. Strine, the practical method of getting the corporation into court is always to make sure that along with the corporation, you also go after one of the officers. (Laughter.)

FRED STRINE: That, of course, would be so in the great majority of cases.

HONORABLE G. AARON YOUNGQUIST: I am just wondering whether our Rule 4 (c) (3), which prescribes the method of serving summons, is applicable to a corporation. It states, "by leaving

it at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by mailing it to the defendant's last known address."

HONORABLE ALEXANDER HOLTZOFF: That is the address of the corporation.

HONORABLE G. AARON YOUNGQUIST: You usually speak of a corporation's place of business, and not its address; so there may be something to the point that there is nothing in the Rules which provides for process against a corporation.

FRED STRINE: That had not occurred to me before, but I do feel that the last known address would be held to apply to a corporation as well as an individual.

JOSEPH W. BURNS: The reason I raised that question is because, while the Rules were in the process of being formulated, I made a suggestion which arose as a result of an experience I had as Assistant United States Attorney in this district. When you come right down to it, if a defendant corporation didn't appear, there just wasn't anything you could do. In New York State there is a procedure by which you can notify a defendant to appear, and if the defendant does not appear, you can have a trial in the absence of the defendant, in the nature of an investigation.

There are two or three other jurisdictions where the situation has arisen, where a defendant corporation didn't appear, they found on common law ground, since the only penalty was a fine, it was in the nature of a civil action, as far as the corporation was concerned. There is no provision in the Rules, as I see them, for the instance where the corporation defendant does not actually appear, I still see nothing that can be done to the corporation if it refuses to appear.

HONORABLE ALEXANDER HOLTZOFF: I would like to say a word about this. There are a few decisions in the Federal courts. Of course, the situation doesn't arise very frequently. There are, however, a few decisions holding that even under the present procedure, where there is no statutory authority for the use of a summons, a summons may be used against a corporation, and that a corporation may be brought into court by that means. There are a few decisions so holding, so obviously if there is an express provision in these rules for the use of a summons, that

summons may, in the light of the decisions I have just mentioned, be used against a corporation, as I see the law.

NATHAN APRIL: I imagine the point which is being raised is this: that in a criminal proceeding, as distinguished from a civil action, the personal or bodily presence of the defendant is a requisite for the exercise by the court, if it has jurisdiction in the premises.

Now, of course, that is a rule which was applied, and which grew up at that time when corporate criminal defendants were unknown. The rule, which imposes as a condition for the exercise by the court of its functions as a criminal court, bodily presence of the defendant, would of course be wholly incongruous if attempted to apply to a corporation because it never can be bodily present. That is the reason of the rule being not applicable to a fictitious person. The rule itself I don't imagine is applicable, and therefore the corporation can be constructively present or brought constructively into the presence of the court, by the service upon it, by such service as the law provides.

For that reason, I think that the suggestion that a corporation having been served such a summons could ignore it and render the court powerless to act in the premise—I don't think that the suggestion is properly supported.

FRED STRINE: I am very much inclined to agree with you.

A MEMBER: Some years ago, I came to the conclusion that a summons would bring before the district court a corporation which was doing business within the district, or had a sufficient office within the district so that it would be served for the purposes of a civil suit; but I don't see how the service of a summons could bring before the district court a corporation which was doing business in another state, and had no officers in the state where the court was situated.

FRED STRINE: Well, as to a corporation in another state, that might be somewhat different, but I feel, as Mr. April just said, that the purpose is to bring in the body of a defendant. The corporation has no body theoretically, but I assume that if the corporation is within the jurisdiction of the court, all that is necessary is a summons. There is some legal basis for saying that the court has jurisdiction. I believe this rule furnishes that, which is all that is necessary.

6

HONORABLE G. AARON YOUNGQUIST: As I recall the discussion in the Committee, the purpose of putting in the provision for a summons was not to use it as a substitute for a warrant in any respect, but principally for the convenience of both the government and the defendant, when it was known that the defendant would, in all probability, voluntarily appear.

We did discuss for instance the advisability of making the ignoring of the summons contempt of court, but decided against it; so that, according to my recollection of what the committee had in mind, at least there is no thought of the summons being process, but being nothing more than a notice to the defendant that there was a complaint against him or an indictment, or an information.

So that if one must depend on anything for bringing a corporation before the court, I don't believe—at least when one considers the background of the provisions for the summons and the absence of any enforcement provisions for ignoring the summons—one can rely on the summons procedure for jurisdiction of a corporation, but must go back to the decisions Judge Holtzoff mentioned for that purpose.

A MEMBER: May I point out that I think Mr. Youngquist's remarks were very effective, but the practical point that he is forgetting in this discussion the fact that the corporation, through its agents, will commit a crime. The crime will have been committed, in the eyes of the Federal enforcement agents, within the district, and the United States Attorney then will start to do something about enforcing the law.

The practical effect is that the United States marshal goes down to the premises of the corporation where the crime was committed. He will seek out an officer, even though the summons says, "XYZ Corporation."

FRED STRINE: I think that is a good point. The Rules would never apply to a foreign corporation unless the foreign corporation committed a crime in the district where the court sits, which would give the court its jurisdiction.

A MEMBER: I think it is a practical matter, because the officers or agents who have committed a crime may be present, or there may be a new set of officers or agents who are not guilty of any crime, or it may be a foreign corporation which has merely a manager as agent here.

FRED STRINE: Even if that were true, I don't think it would affect the corporation's liability. I think the corporation can commit a crime distinct from the officers, and could be held liable, even though the officers may have changed or died.

PROFESSOR JOHN B. WAITE: I think we ought to apologize or explain why we haven't made provision for this in the Rules. It looks as if we didn't know our business. Maybe we don't, but it strikes me that no rule making body can legislate to create jurisdiction. The Supreme Court can't do it, and this committee can't do it.

Our Advisory Committee had no authority, and could get no authority, even from the Supreme Court of the United States. You can't get jurisdiction over a person or corporation unless the law creates it. After Congress has done that, then our Committee, acting for the Supreme Court, and the Supreme Court can make a rule as to how you should proceed. For that reason, we were powerless to do anything about that except in terms of the existing practice; but we could not invent a jurisdiction if the jurisdiction did not formally exist. That is the complete alibi. Does it satisfy every one? (Laughter.)

JOSEPH W. BURNS: My point wasn't really aimed at the absence of any provision for bringing the corporate defendant to court, in so far as these rules are concerned, but simply to inquire whether the Committee or those who were leading this discussion thought that these rules accomplished that purpose. It was my own view that the result could hardly be properly accomplished, under the authority granted for these rules. What is required is a separate statute, giving the courts jurisdiction to proceed to try a corporate defendant.

As it is now, I don't believe that it would be contended that the court can proceed to a trial in the absence of a defendant. There are a few instances that can be found in the books where someone came into court and walked out with no jail sentence possible. But the requirement seems to me that these rules now provide the procedural step by which you can bring the defendant to the doorstep of the court with the printed form, but if the corporate defendant doesn't do that, that is as far as we go. We have no authority in the court to proceed to try the case against the corporate defendant. Maybe there aren't enough instances in which that is material to warrant any further discussion of it. The principal cases would be anti-trust cases and

food and drug cases, where they could want the corporate defendant in. It may be, as Mr. Parker states, that you can bring in one individual defendant so as to make sure you have a trial. One attorney goes in representing everybody.

My only point is that I don't think these rules bring the corporate defendant before the court unless it voluntarily appears, and the reason for raising this discussion was to see whether or not that was the view of the Committee.

NATHAN APRIL: I should like to say that I think the statement my friend makes goes deeper than what we thought. If what he says is so, then the logical conclusion must be that a corporate defendant can never be in the actual presence of a court in the case of criminal trial. In the case of a misdemeanor it is permissible for a defendant to appear by counsel; but the fact is that in felony cases the court requires that they proceed only by personal presence. The appearance of a corporation, by counsel, in a case where the indictment charges a felony, would be utterly useless and futile for the purpose of authorizing the court to proceed by trial, so that the conclusion must follow that under those circumstances a corporate defendant could be tried for the commission of a felony.

Now, either you have got to adopt that conclusion, or you have got to admit a corporation could be constructively present in court, and if its constructive presence can be adduced by any type of process—I mean if a type of process is sufficient to bring it into court—why then that is sufficient.

Now, so far as the jurisdiction question is concerned, it is true the rules cannot grant jurisdiction to the court—which you state you didn't have—but the fact is, the United States District Court has criminal jurisdiction, and the fact is that various laws such as the Sherman Act either do denounce certain corporate acts as constituting felonies, so that if a corporation commits a felony, the court has jurisdiction to try the person indicted for the commission of the felony, and the jurisdictional question is not involved. The only question is one of process—process adequate to bring the specific defendant within the reach of the court which has jurisdiction, not by reason of proximity but by reason of the statute.

So, as I say, you have either got to conclude that a corporation can never be convicted of a felony, or you have got to admit that it could be brought into court by this procedure.

HONORABLE ALEXANDER HOLTZOFF: Of course, the Committee was composed of men who were trying to do a practical job, rather than to furnish answers to theoretical questions. As a practical proposition, this isn't much of a problem. Ordinarily, in practically every instance where there is a corporate defendant, one or more officers would be named as co-defendants, because the corporation can only act through its agents, and an agent is a participant in the offense charged. Naturally he appears, and counsel also appears for the corporation.

In the Pure Food Law cases, sometimes there is no individual defendant, but we have a very drastic procedure. I know from my personal experience. I have been signing several orders a week condemning seized property because of adulteration and misbranding. Enforcement of the law does not suffer from this theoretical situation—as it may or may not be—as to whether you can bring a corporation to court.

One of the big banks of this city was indicted in the Southern District of New York a couple of years ago. There was no individual defendant. The bank had no hesitancy in appearing because it could not take the risk. As a practical matter, I do not think we have any real problems.

FRED STRINE: We do know that corporations can commit felonies, and they are tried every day. I don't believe the problem is one of great practical importance.

HONORABLE ARTHUR T. VANDERBILT: If a felony were committed, it would make the corporation liable. Suppose the agent dies—who would be liable? Whom could you bring in? Could you bring in an officer or another agent who had nothing whatever to do with the commission of it?

HONORABLE ALEXANDER HOLTZOFF: The Supreme Court held a couple of years ago that the president of a corporation who did not even know that his company violated the pure food law was subject to criminal prosecution, because the violation did not require any felonious intent. Apparently the president of a corporation is liable for the acts of subordinates of the corporation.

142     FEDERAL RULES OF CRIMINAL PROCEDURE

A MEMBER: That was an unusual law, wasn't it?

HONORABLE ALEXANDER HOLTZOFF: There are many other regulations in the same class.

PROFESSOR JOHN BARKER WAITE: As one of the members of the Committee who drafted these Rules, I dislike seeming to take the position that we made no mistakes and left out nothing. Now, I don't know how in the world you get a corporation before a court if it doesn't want to come before the court. There is no doubt that corporations are liable. I don't think there is any argument about that point. I confess my ignorance as to how you get them into court if they don't want to come. With an individual you can drag him in by the scruff of the neck, but you can't drag in a corporation by the seat of the pants. I don't know how you do get him in, but the point is, Rule 42 or 43 does provide that the corporation must be present, as everybody else.

It provides also that the corporation may be present for all purposes by its counsel, but if it doesn't come, and doesn't send its counsel, then it isn't present, and this provision for a summons facilitates matters and makes things easier than getting in touch with the corporation; but there is no provision making the corporation guilty of contempt if it doesn't evade the summons.

So I think we have got to recognize that the Rules leave the situation exactly where it was before the Rules were approved by the court, that so far as the Rules are concerned, you have the same difficulty in getting the corporation into court that you have before the Rules were enacted. Now, how you got them in beforehand, I don't know.

HONORABLE ARTHUR T. VANDERBILT: Isn't it also a fact, in dealing with the summons, it was intended to have a much wider scope than merely bringing corporations in. It was intended as a means of bringing people into court who you knew would appear and whom you didn't want to scare to death by serving with a warrant.

FRED STRINE: If nobody has anything further, perhaps we had better pass on to the next rule, Rule 5, relative to proceedings before a Commissioner. The principal thing that strikes me is the statement in subsection (c) to which Judge Holtzoff referred—that the defendant shall not be called upon to plead.

There has been quite a diversity of practice on that situation.
In some districts the defendant was not called upon to plead
before the committing magistrate, and in others he actually
did plead. I don't know what the practice has been in the Southern
District of New York. Would anybody care to say anything about
that portion of Rule 5?

FRANK PARKER: I can only speak for the Eastern District
of New York, but the practice formerly was to call upon the person
to ask how he was going to plead to a complaint before the Com-
missioner. The first opinion that Judge Swan wrote after he came
up to the Circuit Court was in connection with a narcotics case.
The defendant was brought in and he was asked how he answered
the complaint. He pleaded guilty, as I recall. Later at the
trial he did attempt at first to deny that plea, and Mr. Scileppi,
who was trying the case before the lower court, brought out the
fact that the man had admitted his guilt at the preliminary
arraignment.

When we briefed the point, we mentioned the District of
Columbia case that Judge Holtzoff has already called attention to,
but the court did not write upon it—we had such a good case
on the facts. But today we have already had some preliminary
discussion on these rules in the office, and we have already
ceased to have the commissioner ask the man how he pleads.

FRED STRINE: I don't believe a plea of guilty has any
place. You are merely determining whether there is cause for
holding him for a grand jury. I believe the rule here is very
good.

FRANK PARKER: I agree, and the District Court does also.

FRED STRINE: We will pass to Rule 40, Commitment to
Another District, the removal rule. I might say in connection
with subsection (a) of Rule 40 that it contains the provision on
which I believe in many respects the Department of Justice is
not exactly confused, but one on which we are less certain than
any other section—that is this 100 miles distance. There seem
to be two questions arising. One is how you figure the hundred
miles distance. I believe some authorities hold that 100 miles
would be measured by straight line; others hold that it would
be the usual distance by rail. I have heard both views expressed
in the Department by different people. I would be very interested