IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:12CR3 |
| | ) | |
| KIM DOTCOM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPPOSITION OF THE UNITED STATES TO DEFENDANT
MEGAUPLOAD LIMITED'S SUPPLEMENTAL MEMORANDUM OF LAW**

Defendant Megaupload Limited has sought leave to file a supplemental memorandum of law in support of its motion to dismiss, (Dkt. 120) (July 31, 2012). The supplemental memorandum, now the company's fourth pleading on this issue, still fails to cite any authority for its unprecedented request to immunize foreign corporate defendants from criminal prosecution. This Court should follow established precedent and deny the defendant's motion for the following reasons.

*First*, as the United States emphasized during the July 27, 2012 hearing, Rule 4 does not impose a time limit for initiating service of a criminal summons (or, for that matter, for executing an arrest warrant), and the United States should be given an opportunity to effect service according to the methods previously proposed or new methods that may arise as the investigation continues. In addition, there is no merit to defense counsel's claim during oral argument that, if successful here, Defendant Megaupload's assets should be released. The dismissal of a single defendant from this multi-defendant prosecution would have no effect on these assets because two grand juries and the Court have found probable cause that the assets are forfeitable for several reasons, most notably as proceeds of the remaining defendants' criminal activities. At

this stage in the case, no person, whether named in the Superseding Indictment or not, is entitled to the release of any assets named in the forfeiture provisions and covered by the Court's seizure and restraining orders.

*Second*, the mutual legal assistance treaty between the United States and Hong Kong ("U.S.-HK MLAT") provides a possible and proper means of effecting service of a summons either apart from, or in satisfaction of, Rule 4.[1] Federal courts considering this issue have reached that conclusion,[2] and no court has ruled otherwise. The case now cited by Defendant, *DeJames v. Magnificence Carriers, Inc.*, is readily distinguishable because the treaty in that case, by its very terms, did "not provide independent authorization for service of process in a foreign country." 654 F.2d 280, 288 (3d Cir. 1981).[3] And the court's ultimate conclusion was based not

---

[1] A copy of the U.S.-HK MLAT, entitled Agreement Between the Government of the United States of America and the Government of Hong Kong on Mutual Legal Assistance in Criminal Matters, U.S.-H.K., Apr. 16, 1997, S. TREATY DOC. NO. 105-6, was attached as Exhibit B to the Opp'n of the U.S. to Mot. of Specially Appearing Def. Megaupload Ltd. to Dismiss Indictment for Lack of Personal Jurisdiction, (Dkt. 117-2) (July 13, 2012).

[2] *See, e.g.*, *United States v. Alfred L. Wolff GmbH*, Case No. 1:08-cr-417, 2011 WL 4471383, *4 n.3 (N.D. Ill. Sept. 26, 2011) ("Given these MLAT provisions, it appears the government can effectuate service in compliance with Rule 4."); *United States v. Chitron Elecs. Co. Ltd.*, 668 F. Supp. 2d 298, 306 (D. Mass. 2009) (recognizing that an "MLAT only becomes operative if a request is made by the United States to China for assistance with the service of a summons"); *United States v. Johnson Matthey PLC*, Case No. 2:06-cr-169, 2007 WL 2254676, *2 (D. Utah Aug. 2, 2007) ("[A]n alternative means of service may be the Mutual Legal Assistance Treaty (MLAT) between the United Kingdom and the United States."). Similarly, the district court in *United States v. Fuerzas Armadas Revolucionarias de Colombia* granted the government's motion to serve a foreign organization, defined in Rule 1(b)(7) and 18 U.S.C. § 18 as any person other than individual, by delivering a copy of the summons to an officer of the organization, publishing a notice of the summons in a foreign newspaper, and sending a copy of the summons to the organization's electronic mail account. *See* Order at 1-2, Case No. 1:04-cr-232 (D.D.C. July 19, 2005). The court's order and the underlying motion of the government are attached to this pleading as Exhibit A.

[3] The sole purpose of the treaty, as described in its preamble, is "to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time," and "to improve the organisation of mutual judicial assistance for that purpose

on the treaty itself but on the foreign defendant's lack of contacts with the district. *Id*. at 291 ("Because we have held that Hitachi's contact with the State of New Jersey was insufficient to support the assertion of personal jurisdiction under the state long-arm rule, we affirm the district court's conclusion that it had no personal jurisdiction over Hitachi.")

Here, in contrast, Article 1 of the U.S.-HK MLAT provides that the countries shall provide mutual assistance "in connection with the investigation, prosecution, and prevention of criminal offenses, and in proceedings related to criminal matters[,]" to include "serving documents." Article 15, entitled "Service of Documents," requires each country to "use its best efforts to serve any document transmitted to it pursuant to this Agreement for the purpose of service." The language of the MLAT plainly authorizes service of a summons on a foreign corporation, either apart from, or in satisfaction of, Rule 4.

*Third*, Defendant is wrong to claim that the U.S.-HK MLAT predates the provisions of Rule 4 at issue here. These provisions have existed in substance as part of Rule 9(c)(1) since the Federal Rules of Criminal Procedure first went into effect in 1946. The 2002 Amendment to which Defendant Megaupload refers merely transferred the provisions to their present location in Rule 4. As explained in Rule 4's advisory committee's notes:

> Rule 4(c)(3)(C) is taken from former Rule 9(c)(1). That provision specifies the manner of serving a summons on an organization. The Committee believed that Rule 4 was the more appropriate location for general provisions addressing the mechanics of arrest warrants and summonses.

Rule 9's advisory committee's notes likewise provide: "The language in current Rule 9(c)(1), concerning service of a summons on an organization, has been moved to Rule 4." Not only do these provisions predate the U.S.-HK MLAT, but they do so by decades.

---

by simplifying and expediting the procedure[.]" Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361.

For these reasons and those advanced in previous pleadings and arguments, the United States respectfully requests that the Court deny Defendant Megaupload's motion to dismiss.

Respectfully submitted,  Dated: August 3, 2012

Neil H. MacBride
United States Attorney

By: /s/ Ryan K. Dickey
Jay V. Prabhu
Ryan K. Dickey
Alexander T.H. Nguyen
Andrew Peterson
Assistant United States Attorneys

| | |
|---|---|
| Lanny A. Breuer | Glenn C. Alexander |
| Assistant Attorney General | Nathaniel Gleicher |
| U.S. Department of Justice | Trial Attorneys |
| Criminal Division | U.S. Department of Justice |
| | Computer Crime & Intellectual Property Section |

**CERTIFICATE OF SERVICE**

I hereby certify that on the August 3, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF, which will then send a notification of such filing (NEF) to:

William A. Burck, Esq.
Paul F. Brinkman, Esq.
Heather H. Martin, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
1299 Pennsylvania Avenue, NW, Suite 825
Washington, DC 20004
Tele:  (202) 538-8000
williamburck@quinnemanuel.com
paulbrinkman@quinnemanuel.com
heathermartin@quinnemanuel.com

Ira P. Rothken, Esq.
The Rothken Law Firm
3 Hamilton Landing, Suite 280
Novato, CA 94949
Tele:  (415) 924-4250
ira@techfirm.net

Craig C. Reilly, Esq.
111 Oronoco Street
Alexandria, VA 22314
Tele:  (703) 549-5354
craig.reilly@ccreillylaw.com

By:   /s/ Ryan K. Dickey
      Ryan K. Dickey
      Assistant United States Attorney
      United States Attorney's Office
      2100 Jamieson Avenue
      Alexandria, Virginia 22314
      Phone:  (703) 299-3700
      Fax:     (703) 299-3981
      E-mail: Ryan.Dickey@usdoj.gov