# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>FUERZAS ARMADAS, )<br>REVOLUCIONARIAS DE COLOMBIA, )<br>also known as FARC, )<br>also known as Revolutionary Armed Forces )<br>Of Colombia, ) | Criminal No.04-232-02 (TFH) |

ORDER

Upon motion of the United States, and the factual allegations contained in the criminal indictment filed in the above-captioned case, this Court FINDS

That the defendant Fuerzas Armadas Revolucionarias de Colombia, also known as the FARC, has been designated a Foreign Terrorist Organization (FTO) by the United States Department of State, which operates outside the United States and which has no fixed address to which a criminal summons can be directed; and

That Juvenal Ovidio Ricardo Palmera Pineda, also known as Simon Trinidad, is one of approximately 27 people who serve on the "Central General Staff" of the FARC organization, and in that position is an appropriate person under the Federal Rules to receive service of a criminal summons on behalf of the defendant organization; and

That publication of a notice of the summons in the six newspapers and magazines cited by the government and through the electronic mailbox utilized by the FARC organization on its official website, www.farc-ep.org, are methods of service that are reasonable calculated to notify

the defendant organization of the existence of this prosecution and their obligation under United States law to appear before this court, through counsel or otherwise.

    IT IS THEREFORE ORDERED that a criminal summons be issued for defendant FARC;

    ORDERED that a copy of the summons be forthwith served upon Simon Trinidad, an officer of the organization, defendant FARC;

    ORDERED that the United States be permitted to provide notice by publication in the following newspapers and magazines in the Republic of Colombia: El Tiempo, El Colombiano, Cambio, Semana, El Diario de Huila, and El Espectador, for a period of six consecutive weeks, in Spanish;

    It is FURTHER ORDERED that the United States be permitted to provide notice by electronic mail, to be sent through the defendant FARC's internet website, www.farcep.org.

    SO ORDERED, this day 19 of July, 2005.

                                                      *[signature]*
                                                      CHIEF JUDGE
                                                      UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FUERZAS ARMADAS, | ) | Criminal No.04-232-01 (TFH) |
| REVOLUCIONARIAS DE COLOMBIA, | ) | |
| also known as  FARC, | ) | |
| also known as  Revolutionary Armed Forces | ) | |
| Of Colombia, | ) | |

APPLICATION FOR SERVICE OF SUMMONS
ON DEFENDANT FARC

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves this Honorable Court, pursuant to Rule 9(a) of the Federal Rules of Criminal Procedure, for issuance of a summons and service of the same on the defendant Fuerzas Armadas Revolucionarias de Colombia, also known as the Revolutionary Armed Forces of Colombia, hereinafter referred to as "FARC."

BACKGROUND

In an Indictment filed in open court on May 13, 2004, defendant FARC was charged jointly with codefendant JUVENAL OVIDIO RICARDO PALMERA PINEDA, also known as Simon Trinidad, in an act of terrorism involving the February 13, 2003 hostage taking of three Americans in the Republic of Colombia.

The charges against both defendants involve the same series of acts or transactions, and the evidence at trial evidence against both will be substantially the same.  Therefore, it is in the

interest of justice and judicial efficiency that both defendants be tried together in a single trial. Buchanan v. Kentucky, 483 U.S. 402 (1987).

## MOTION

### TO ENSURE THAT DEFENDANT FARC RECEIVES ADEQUATE NOTICE OF THIS CRIMINAL PROCEEDING, THE UNITED STATES REQUESTS THAT A CRIMINAL SUMMONS BE ISSUED BY THIS COURT AND PERSONALLY SERVED ON AN OFFICER OF THE ORGANIZATION, AND THAT DUPLICATE NOTICE BE PROVIDED BY PUBLICATION AND BY EMAIL

Rule 9(a) of the Federal Rules of Criminal Procedure directs that the Court "must issue a warrant – or at the government's request, a summons – for each defendant named in an indictment." Rule 9(a), Fed.R.Crim.Proc. The rule also allows the Court to issue "more than one warrant or summons for the same defendant." Ibid.

Where a defendant happens to be a corporation or other organization, Rule 4(c)(3)(C) provides that a summons should be served as follows:

> A summons is served on an organization by delivering a copy to an officer, to a managing or general agent, or to another agent appointed or legally authorized to receive service of process. A copy must also be mailed to the organization's last known address within the district or to it's principal place of business elsewhere in the United States.

Rule 4(c)(3)(C), Federal Rules of Criminal Procedure.

In interpreting who within an organization or corporation qualifies as an appropriate "officer" to receive service, federal courts have held that the person must have "sufficient authority or responsibility within the organization so as to make it reasonable to assume that 'he will realize his responsibility and know what he should do with any legal papers served upon him.'" Wright & Miller, 4 Federal Practice 7 Procedure, ¶ 1101 at 385. See *In re Legend Industries, Inc. v. C.P.P. Corp.*, 49 B.R. 935, 937 (Bank.E.D.N.Y. 1985).

2

In this case, codefendant Simon Trinidad is an appropriate officer to accept service of the summons on behalf of the FARC organization. The Indictment itself alleges that Trinidad is one of approximately 27 people who serve on a governing council known as the "Estado Mayor Central," or the "Central General Staff," which manages and provides day-to-day operational control of the 15,000 to 18,000 member FARC organization. The Indictment also alleges that in 2003 the FARC named codefendant Trinidad as its organizational representative in negotiations with the Colombian government – and other foreign governments for that matter – concerning the American hostages and other "exchangable" hostages held by the FARC. Indeed, codefendant Trinidad was arrested in Ecuador in December 2003 while serving as FARC's representative in attempted meetings with an official of a foreign government.

Codefendant Trinidad is the highest ranking member of the FARC organization ever taken into custody by the Colombian government, and certainly the highest ranking FARC official ever brought within the jurisdiction of a United States court. Trinidad is qualified to accept service on behalf of the FARC, and can be readily served. A proposed summons for the FARC, address to codefendant Trinidad, is affixed hereto as ATTACHMENT A. This method of notice would be in the best interest of judicial efficiency and economy.

Where, as in this case, the organization is located abroad and has no place of business in the United States to which a copy of the summons can be mailed, the Federal Criminal Rules fail to provide additional guidance as to how the specific requirements of Rule 4(c)(3)(C) can be satisfied. However, the Federal Rules of Civil Procedure provide an alternative means of service for foreign corporations or other unincorporated associations where a method of service is not otherwise provided by federal law. See Fed. R. Crim. P. 49(b) ("Service must be made in the

manner provided for a civil action."). According to Rule 4(h)(2) of the Federal Rules of Civil Procedure, service on unincorporated associations outside the United States shall be done "in any manner prescribed for individuals" by Rule 4(f). Rule 4(f) of the Federal Rules of Civil Procedure prescribes that service shall be done in compliance with international agreements providing a means of effective service.

In this case, Rule 4(f)(1) of the Civil Rules is not applicable because the Republic of Colombia is not a signatory of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters and although Colombia is a signatory of the Inter-American Convention of Letters Rogatory, neither treaty is appropriate for service of compulsory process. Moreover, defendant FARC maintains no fixed address in Colombia at which a summons could be served in any event. Where there is no international agreement in effect providing a means of effective service, this Court has discretion to prescribe any method of service of its own pursuant to Civil Rule 4(f)(3), provided that the means of service is "not prohibited by international agreement." Ibid.

In this case, notice by publication within the Republic of Colombia would satisfy Rule 4(f)(3) of the Civil Rules, and would constitute "notice reasonably calculated under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Service by publication on international terrorist organizations has been permitted in the civil context. See, *Mwami, et al. v. The United States of America*, 99 civ. 0125 (D.D.C. 2004) and *Smith v. The Islamic Emirate of Afghanistan, et al.* 2001 U.S. Dist LEXIS 21712 (S.D.N.Y. 2001).

In ATTACHMENT B to this application, the United States has provided the text of a proposed notice which, if the Court grants this request, would be published in the Spanish language in six newspapers and magazines in Colombia for a period of six consecutive weeks. The six publications, listed on ATTACHMENT C, were selected because they each have a national circulation within the Republic of Colombia and/or have published interviews of FARC guerrilla leaders and devoted extensive coverage to FARC activities.

The United States also proposes that notice be provided to the FARC by electronic email. The FARC maintains a website, located at http://www.farcep.org. On this website, the FARC posts many of its official communiques, including several expressing the organization's strong objection to the extradition and prosecution of its senior commander, codefendant Simon Trinidad, in this very case. The website also provides an electronic mailbox by which individuals may send messages and "suggestions" to the FARC organization. By sending notice of the summons through this website mailbox, it is reasonable to conclude that appropriate FARC officials will be notified of this legal action and will have sufficient notice to appear in court, through counsel or otherwise, at an appointed date if it chooses to do so.

As early as 1980, federal courts in civil cases have permitted service by electronic means. In *New England Merchants National Bank v. Iran Power Generation and Transmission Company et al.,* 295 F.Supp. 73, 81 (S.D.N.Y. 1980), the court permitted service on Iranian defendants by telex, given assertions by the plaintiffs that other mechanisms of service had been reasonably thwarted. And more recently, courts have held that service by electronic mail is an appropriate means of service, especially when the defendant does not have a fixed or public address and electronic mail is their preferred if not only means of communication. In *In re*

*International Telemedia Associates, Inc. v. Diaz et al.,* 245 B.R. 713, 718 (Bank.N.D.Ga., 2000), part of the reason given by the court for granting permission to serve notice of the defendant via electronic mail was the fact that he was, "a 'moving target,' making it virtually impossible for the Trustee to find him and effect service by any of the traditional means specified in the Federal Rules of Civil Procedure." The court in *Rio Properties v. Rio International Interlink*, 284 F.3d 1007, 1015 (9th Cir., 2002), in granting permission for service via electronic mail also noted that, "Rule (4)(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing," implying that the provisions of Rule 4(f)(3) are not necessarily to be seen as a last resort or in any way inferior to the other provisions specified in Rule 4(f).

WHEREFORE, the United States requests that the Court direct that a criminal summons for defendant FARC be personally served on the FARC through Simon Trinidad, in his capacity as an officer of the FARC organization. The United States further requests that the Court enter an order authorizing the United States to accomplish alternative service on the FARC organization via publication in Colombian newspapers and magazines for an amount of time wherein it can be reasonably expected that the FARC will receive notice of these proceedings[1];

---

[1] Once the court signs the order permitting publication, the United States will then transmit that order in the proper form through the channels of a mutual legal assistance treaty request to the Government of Colombia for their assistance in executing the order.

and to also send notice of these proceedings to the FARC through the electronic mail box on its website.

        Respectfully submitted,

        KENNETH L. WAINSTIEN
        United States Attorney
        D.C. Bar No.  451-058

        _____
        JOHN ARMON BEASLEY, JR.
        Assistant U.S. Attorney
        D.C. Bar No. 354478
        Transnational/Major Crimes Section
        555 Fourth Street, N.W., 5th Floor
        Washington, D.C.  20001
        (202) 514-6954
        John.A.Beasley@usdoj.gov

        _____
        KENNETH C. KOHL
        Assistant U.S. Attorney
        D.C. Bar No. 476236
        Transnational/Major Crimes Section
        555 Fourth Street, N.W., 5th Floor
        Washington, D.C.  20001
        (202) 616-2139
        Ken.Kohl@usdoj.gov

        _____
        T. J. REARDON, III
        Trial Attorney
        D. C. Bar No.
        Criminal Division, Counterterrorism Section
        U. S. Department of Justice
        10th & Constitution Avenue, N.W.
        Washington, D. C., 20530
        (202)514-1083
        T.J.ReardonIII@usdoj.gov

AO83 (Rev. 10/03) Summons in a Criminal Case

# UNITED STATES DISTRICT COURT

DISTRICT OF _____

| UNITED STATES OF AMERICA<br>V.<br>FUERZAS ARMADAS, REVOLUCION ARIAS<br>DE COLOMBIA, also known as FARC,<br>also known as Revolutionary Armed<br>Forces of Colombia<br>(Name and Address of Defendant) | SUMMONS IN A CRIMINAL CASE<br><br>Case Number: 04-232 (01) |

YOU ARE HEREBY SUMMONED to appear before the United States District Court at the place, date and time set forth below.

| Place | United States Courthouse<br>Third & Constitution Avenue, NW<br>Washington, DC 2001   USA | Room | Courtroom 4114 |
|---|---|---|---|
| Before: | Chief Judge Thomas F. Hogan | Date and Time | |

To answer a(n)
☒ Indictment  ☐ Information  ☐ Complaint  ☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice

Charging you with a violation of Title __18__ United States Code, Section(s) __1203(a), 2, 981(a)(1)(G)__
and 28 United States Code, Section 2461(c)

Brief description of offense:

Conspiracy to Commit Hostage Taking, an Act of International Terrorism,
as defined by 18 United States Code, Section 2331, Against the United States
and its Citizens.

Signature of Issuing Officer                                Date

Name and Title of Issuing Officer

# ATTACHMENT A

AO83 (Rev. 10/03) Summons in a Criminal Case

| RETURN OF SERVICE |
|---|
| Service was made by me on:[1]          Date |

| Check one box below to indicate appropriate method of service |
|---|
| ☒   Served personally upon the defendant ~~at~~ **on the person of its managing officer, codefendant Juvenal Ovidio Ricardo Palmera Pineda, also known as SIMON TRINIDAD**<br><br>☐   Left summons at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein and mailed a copy of the summons to the defendant's last known address. Name of person with whom the summons was left:<br><br>☐   Returned unexecuted: |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service is true and correct.

Returned on _____      _____
               Date                                                Name of United States Marshal

                                                                               _____
                                                                               (by) Deputy United States Marshal

Remarks:

---

[1] As to who may serve a summons, see Rule 4 of the Federal Rules of Criminal Procedure.

ATTACHMENT B

# NOTICE

FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA also known as FARC also known as REVOLUTIONARY ARMED FORCES OF COLOMBIA
Republic of Colombia

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, CRIMINAL DIVISION, UNITED STATES OF AMERICA v. FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA ALSO KNOWN AS FARC ALSO KNOWN AS REVOLUTIONARY ARMED FORCES OF COLOMBIA, Criminal No. 04-232-01(TFH) NOTICE OF FILING OF A CRIMINAL SUMMONS.** An order for service by publication was issued by Chief Judge Thomas F. Hogan on July 19, 2005. It was ordered that notice of the above-captioned action should be published once a week for six consecutive weeks in El Tiempo, El Colombiano, El Espectador, El Diario de Huila, Cambio and Semana (in Spanish). Notice is hereby served on Defendant organization FARC that it was charged in a criminal indictment with violations of Title 18 United States Criminal Code Sections 1203 and 2339A on May 13, 2004 by a grand jury of the United States District Court for the District of Columbia. The Defendant organization FARC is hereby summoned to appear with counsel before Chief Judge Thomas Hogan on September ___, 2005 at 9:00am in Courtroom No. ___ at the United States District Court for the District of Columbia located at 300 Constitution Avenue, N.W., Washington, D.C. for an initial appearance on these charges. Failure to appear would permit the court to appoint counsel to appear on the defendant organization's behalf and to proceed with the trial of this matter, possibly resulting in the defendant organization's conviction and sentencing. The Indictment charges defendant organization FARC with conspiracy to commit hostage-taking and providing material support to terrorists in violation of United States law.

**ATTACHMENT C**

Publications:

1. El Tiempo
2. El Colombiano
3. Cambio
4. Semana
5. El Diario de Huila
6. El Espectador

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| FUERZAS ARMADAS, ) | Criminal No.04-232-02 (TFH) |
| REVOLUCIONARIAS DE COLOMBIA, ) | |
| also known as FARC, ) | |
| also known as Revolutionary Armed Forces ) | |
| Of Colombia, ) | |

ORDER

Upon motion of the United States, and the factual allegations contained in the criminal indictment filed in the above-captioned case, this Court FINDS

That the defendant Fuerzas Armadas Revolucionarias de Colombia, also known as the FARC, has been designated a Foreign Terrorist Organization (FTO) by the United States Department of State, which operates outside the United States and which has no fixed address to which a criminal summons can be directed; and

That Juvenal Ovidio Ricardo Palmera Pineda, also known as Simon Trinidad, is one of approximately 27 people who serve on the "Central General Staff" of the FARC organization, and in that position is an appropriate person under the Federal Rules to receive service of a criminal summons on behalf of the defendant organization; and

That publication of a notice of the summons in the six newspapers and magazines cited by the government and through the electronic mailbox utilized by the FARC organization on its official website, www.farc-ep.org, are methods of service that are reasonable calculated to notify

the defendant organization of the existence of this prosecution and their obligation under United States law to appear before this court, through counsel or otherwise.

  IT IS THEREFORE ORDERED that a criminal summons be issued for defendant FARC;

  ORDERED that a copy of the summons be forthwith served upon Simon Trinidad, an officer of the organization, defendant FARC;

  ORDERED that the United States be permitted to provide notice by publication in the following newspapers and magazines in the Republic of Colombia: El Tiempo, El Colombiano, Cambio, Semana, El Diario de Huila, and El Espectador, for a period of six consecutive weeks, in Spanish;

  It is FURTHER ORDERED that the United States be permitted to provide notice by electronic mail to be sent through the defendant FARC's internet website, www.farcep.org.

  SO ORDERED, this _____ day of July, 2005.

_____
CHIEF JUDGE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA