IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:12CR3 |
| | ) | |
| v. | ) | |
| | ) | |
| KIM DOTCOM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF OF THE UNITED STATES REGARDING THE BREADTH
AND FORMAT OF A HEARING TO DETERMINE THE
APPLICABILITY OF FEDERAL RULE OF CRIMINAL PROCEDURE 41(g)**

The United States, by and through its undersigned attorneys, hereby submits its brief regarding the breadth and format of a hearing to determine the applicability of Federal Rule of Criminal Procedure 41(g) to Kyle Goodwin's Motion for the Return of Property. Mr. Goodwin, a third party, seeks to litigate how the government investigated a crime, the prosecution of which is still pending in this Court. *See* Mot. of Kyle Goodwin to Unseal Search Warrant Materials at 1-2 (Dkt. No. 131). Because the indictment in this case is still pending, and because Mr. Goodwin has yet to demonstrate whether he has an interest in any property seized by the government, any preliminary evidentiary hearing in this matter should be limited to the question of whether Mr. Goodwin has an interest in any property which he can show was seized by the government. Because that question alone is likely dispositive of the motion, and because that question can be decided based on sworn affidavits and documents, such an approach will conserve judicial resources and avoid a fishing expedition into a pending criminal prosecution. If Mr. Goodwin were able to establish that he possessed such a property interest, the Court could

then turn to the legal question of whether Federal Rule of Criminal Procedure 41(g) allows Mr. Goodwin any relief. Next, in the event that these steps were met, the Court could consider what, if any relief, were appropriate. By taking each step in turn, the Court can minimize the impact on the criminal prosecution and allow any meritorious request for equitable action to be appropriately addressed.

**Argument**

A.  **Any Initial Evidentiary Hearing's Scope Should Be Limited to the Determination of Whether Mr. Goodwin Has a Cognizable Interest In Any Seized Property.**

If a motion for a return of property is made while a criminal prosecution is still pending, the movant bears the burden of making an initial showing that he is entitled to the property at issue. *See United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999); *see also United States v. Lindsey*, 202 F.3d 261 (Table), 2000 WL 14171, at *1 (4th Cir. Jan. 7, 2000) (unpublished) (noting that movant must make a *prima facie* case of lawful entitlement to seized property under Rule 41); *United States v. Bautista*, 181 F.3d 91 (Table), 1999 WL 366578, at *1 (4th Cir. June 7, 1999). Typically, a plaintiff makes a *prima facie* case of lawful entitlement by asserting an ownership interest, *e.g.* direct ownership or prior lawful possession, of seized property. *See, e.g.*, *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1205 (10th Cir. 2001). The fact that property was seized from a person may also constitute *prima facie* evidence of a lawful interest in the property. *See, e.g.*, *United States v. Maez*, 915 F.2d 1466, 1468 (10th Cir. 1990); *United States v. Scates*, No. 3:98CR87, 2002 WL 32362034, at *1 (E.D. Va. Oct. 29, 2002). To date, Mr. Goodwin has failed to make such a showing – he has not shown that he has a cognizable, legal interest in property seized by the government, nor has he shown a deprivation of a property interest based on any government seizure.

Initially, Mr. Goodwin has yet to produce *any* facts showing an ownership interest in the

imaged servers.[1]  *See United States v. Rosga*, -- F. Supp. 2d ---, 2012 WL 1854246, at *7 (E.D. Va. May 12, 2012) ("To establish standing under Rule 41(g), as under § 1963 and Rule 32.2, a claimant must show that he has a colorable ownership or possessory interest in the subject property." (internal quotations and citations omitted)).  The only facts submitted to the Court by Mr. Goodwin regarding his interest in the servers imaged by the government are in a declaration he submitted in support of Non-Party Carpathia Hosting's Emergency Motion for a Protective Order where he states he used Megaupload's service.  (Dkt. No. 51 Ex. A.)  However, if mere use of the service was sufficient to create a legal ownership interest in servers leased by Megaupload from Carpathia, then there could be hundreds, if not hundreds of thousands, of "owners" of each and every single Carpathia server.  Such a result is absurd.  *Cf. Board of Public Utility Comm'rs v. N.Y. Tel. Co.*, 271 U.S. 23, 32 (1923) ("Customers pay for the service, not for the property used to render it . . . . By paying bills for service they do not acquire any interest, legal or equitable, in the property used for their convenience[.]").

      Mr. Goodwin may choose to assert some legal interest in data that he uploaded to the servers.[2]  But the mere fact that he may claim, for example, an initial copyright to a version of

---

[1] As outlined in the government's initial brief, the government possesses *none* of the property at issue in this motion.  The servers are possessed by Carpathia.  The images of certain servers the government seized as evidence do not contain Mr. Goodwin's data.

[2] Based on the government's review of Mr. Goodwin's website, ohiosportsnet.tv, the list of files uploaded by a Megaupload user using the account name "ohiosportsnet," and the MD5 hash values of those files, it is not clear that Mr. Goodwin or his company owns the rights to all the data that he (or others using the "ohiosportsnet" account) uploaded to Megaupload.  Numerous videos produced by Mr. Goodwin have as their soundtracks recordings of popular copyrighted music.  Many videos on his website begin with a statement describing the copyrighted music and including a disclaimer such as "we don't own the rights."  In addition, the "ohiosportsnet" account at Megaupload had uploaded numerous music files, including music files with MD5 values that matched the hash values of pirated versions of popular music.  Even assuming Mr. Goodwin has not contracted his rights to any data uploaded to Megaupload away, the extent and nature of those rights may vary file to file.  Such complexities offer additional justification for

3

the files he uploaded is not sufficient to establish that he has an ownership interest in the property that is the subject of his motion – the copies of his data, if any, which remain on Carpathia's servers. Any ownership interest by Mr. Goodwin in that data would be limited by *at least* two separate agreements: (1) the contract between Carpathia and Megaupload regarding Megaupload's use of Carpathia servers; and, more specifically, (2) the written agreement between Megaupload and Mr. Goodwin regarding use of Megaupload's service. Those contracts not only bind Mr. Goodwin's use of Megaupload's service and Carpathia's servers, they also likely limit any property interest he may have in the data stored on Carpathia's property. Thus, the Court should limit the breadth of the initial hearing to whether Mr. Goodwin has a *prima facie* case, *i.e.* whether he retains any ownership interest in copies of files which he uploaded pursuant to agreements which may have severely limited any ownership rights.

Limitation on the scope of the hearing to this issue is proper for two reasons. First, it will conserve judicial resources. The language of Rule 41 directs that evidentiary hearings regarding motions to return property be limited only to factual disputes which are *necessary* to decide the motion. *See* FED. R. CRIM. PROC. 41(g); *United States v. Bethea*, 317 Fed. Appx. 182, 184 (3d Cir. 2009) (unpublished). In addition, federal courts have the discretion to hold limited evidentiary hearings regarding facts that will dispose of a motion when those facts are in dispute. For instance, where a federal court may lack jurisdiction over a civil claim, a court may hold a limited evidentiary hearing to ensure the court has jurisdiction over the complaint. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (noting a court has discretion to hold an evidentiary hearing regarding subject matter jurisdiction); *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) ("[A] defendant who alleges facts that would defeat

---

the Court to begin with the scope of Mr. Goodwin's interest in any uploaded files before moving to other disputed jurisdictional facts or facts related to the merits.

the court's personal jurisdiction can invoke the court's discretion to order a pretrial evidentiary hearing on those facts."); *Koren v. CIGNA Severance Pay Plan*, 434 F. Supp. 2d 361, 366 (D.S.C. 2006) (nothing federal court's discretion to hold limited evidentiary hearings to resolve jurisdictional facts in the civil context). In the criminal context, a court may, at its discretion, hold an evidentiary hearing regarding a jurisdictional issue. *See United States v. Mitchell-Hunter*, 663 F.3d 45, 53 (1st Cir. 2011).

Here, limiting the initial scope of the inquiry to Mr. Goodwin's proof of any property interest will ensure the Court only receives evidence on facts truly *necessary* to decide Mr. Goodwin's motion. If Mr. Goodwin has no interest in any seized property, the Court need not find any additional facts. If the Court instead proceeds with a broader hearing, many more facts may be in dispute, and the Court may unintentionally authorize a large amount of irrelevant discovery that impinge on the criminal proceedings. For instance, on the question of whether the Court should exercise jurisdiction over Mr. Goodwin's claim, *see Ramsden v. United States*, 2 F.3d 322, 325 (9th Cir. 1993), numerous additional facts remain in dispute, such as whether the contracts between Mr. Goodwin and Megaupload provide an adequate remedy at law for him to obtain relief, and what, if any, harm Mr. Goodwin has suffered. Were the Court to include such factual disputes related to the merits of the motion, even more facts would likely be in dispute, such as: (1) whether Mr. Goodwin has "clean hands" or whether he is barred from obtaining equitable relief; (2) the cost and technical feasibility of finding a single user's data on the Carpathia servers; (3) the number of other affected parties similarly situated to Mr. Goodwin; (4) how, if at all, the government can prevent the return of infringing materials and other contraband from the servers; (5) and whether other, cheaper remedies exist, such as data recovery from Mr.

5

Goodwin's hard drive.[3] Such issues may require the testimony of numerous witnesses, including potential expert witnesses. Many of these difficult issues may be avoided if the Court determines that Mr. Goodwin's lacks an interest in the seized property, or that his interest is narrower than he currently claims.[4]

A limited hearing will also serve another important value – the protection of an ongoing criminal prosecution. Both Congress and the Courts have generally disfavor allowing collateral proceedings related to criminal prosecutions to proceed while the prosecution is still pending. For instance, Congress has barred third-party actions related to criminal forfeiture while a criminal prosecution is still pending. *See, e.g.*, *United States v. Cox*, 575 F.3d 352, 358 (4th Cir. 2009). In addition, Courts regularly stay civil actions pending the outcome of a criminal prosecution. *See, e.g.*, *In re Anderson*, 349 B.R. 448, 458 (E.D. Va. 2006) ("[W]hile the Constitution does not mandate the stay of civil proceedings in the face of parallel criminal proceedings, a court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions when the interests of justice seem to require such action." (internal quotations and citations omitted)). Indeed in this case, Megaupload has sought a stay of other, pending civil litigation to avoid conflict with the criminal case. *See* Mot. by Def'ts Kim Dotcom and Megupload Ltd. For a Stay Pending a Parallel Cr.

---

[3] This list is non-exhaustive, and also does not include the numerous legal issues that may be predicates to resolving some of the factual disputes.

[4] In addition, the scope of a user's property interest in data stored at Megaupload will also be relevant to the disposition of any other potential claims for the return of property. Though no other user has yet come forward seeking the return of data, Mr. Goodwin has frequently claimed to represent a broader class of "innocent third parties." *See* Br. of Kyle Goodwin in Support of his Mot. For the Return of Property at 13 (Dkt. No. 91). As the contracts between Megaupload and Carpathia as well as Megaupload and its users are relevant to any potential users' claim, resolution of the factual issues at the core of Mr. Goodwin's property claim will also be relevant to any other claims filed by other Megaupload users, to the extent any such claims exist.

Pros., *Microhits v. Megaupload, Ltd.*, No. 1:12 CV 327, at ¶¶ 8-10 (May 5, 2012). And, in the civil context, as here, Courts have wide latitude to limit evidentiary hearings to avoid "mini-trials" on minor issues or issues irrelevant to the resolution of the issues before the Court. *See Chaganti & Assocs. v. Nowotny*, 470 F.3d 1215, 1222-23 (8th Cir. 2006). To be clear, the government has not sought and does not seek a stay of Mr. Goodwin's motion. These cases and the concerns that ground them, however, counsel proceeding cautiously and incrementally before authorizing a wide-ranging evidentiary hearing, and any discovery, while a criminal prosecution is pending.

This is especially the case when the matter may be disposed of without fact discovery into the criminal investigation at all. When making factual determinations regarding jurisdictional facts or facts necessary to decide a Rule 41(g) motion, the Court may use affidavits and documentary evidence, without the need for live witnesses. *See United States v. Albinson*, 356 F.3d 278, 282 (3d Cir. 2004); *see also Serras*, 875 F.2d at 1214. The Court can likely make a determination regarding Mr. Goodwin's interest in any seized property based on the submission of affidavits and documents. For instance, Mr. Goodwin's interest, if any, is likely controlled by a relatively small world of documents -- Carpathia Hosting's Contract with Megaupload; any conditions or Terms of Service on Megaupload's use of that property set by Carpathia; Mr. Goodwin's contract, if any, with Megaupload; any relevant Megaupload Terms of Service, any other information about Megaupload's services that would inform the Court about a user's ownership interest in property of Megaupload or server space contracted by Megaupload; and a list of the files submitted by Mr. Goodwin to Megaupload.

Mr. Goodwin's motion has the potential to raise complicated factual issues that could require extensive discovery, from multiple parties, to resolve. However, before the Court

reaches any of those issues, Mr. Goodwin must bear the burden of demonstrating a demonstrable interest in property seized by the government. To date, he has not done so. The Court should limit the proposed hearing to that issue before proceeding to others.

B.     **The Hearing Format Should Not Be a Mini-Trial on a Pending Indictment.**

The format of any hearing will necessarily hinge on the hearing's scope.  A hearing on the nature of Mr. Goodwin's interest in the seized property need not be complex.  The parties could likely agree on a set of documents for the Court to consider.  If those documents are insufficient for either party, the documents could be supplemented with sworn affidavits.  Such evidence may be sufficient for the Court to decide the motion. A broader hearing may require a different format.  Depending on the facts that are in dispute, it is possible that the government may need to conduct discovery regarding factual claims put forth by Mr. Goodwin.  There may be a need for live testimony, either by government witnesses or by Mr. Goodwin.  Until the scope of the hearing is known, however, the exact nature of the government's need for additional information, if any, is unclear.  Because of that, the government believes the Court should exercise its discretion and use the limited, incremental approach described above.

Non-parties may have other ideas.  For instance, counsel for Megaupload has already publicly stated that Megaupload will seek to intervene to question Government witnesses, if any are called. *See* Greg Sandoval, "MegaUpload users will get their day in court," *CNET*, October 4, 2012, http://news.cnet.com/8301-1023_3-57526409-93/megaupload-users-will-get-their-day-in-court/ ("Ira Rothken, the Silicon Valley attorney in charge of MegaUpload's worldwide defense told CNET that he believes this will present an opportunity for MegaUpload to call select U.S. officials to testify.").  At this stage, however, there is no need to call government witnesses.  The burden to show an interest in the seized property is Mr. Goodwin's, not the government's. *See*

*Chambers*, 192 F.3d at 377. This is especially true in a case where, as the government has stated, it does not possess Mr. Goodwin's data and never did.

### C. Conclusion

The Court's proposed hearing has the potential to become a mini-trial conducted by a third party regarding an investigation that is still pending. It need not, however. The Court may avoid such problems if it proceeds incrementally. Mr. Goodwin has yet to make a *prima facie* case of ownership in property seized by the government. Until he does, Federal Rule of Criminal Procedure 41 does not apply. If, after a first round of evidence is submitted to the Court, the Court believes Mr. Goodwin has a cognizable interest in the seized property and the property is in the possession of the government, the parties could then brief and discuss how to proceed regarding what issues remain in dispute. Such an approach comports with both the language of Rule 41 and the governing caselaw.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: /s/
Andrew Peterson
Jay V. Prabhu
Lindsay A. Kelly
Ryan K. Dickey
Alexander T.H. Nguyen
Assistant United States Attorneys

Lanny A. Breuer
Assistant Attorney General
U.S. Department of Justice
Criminal Division

Glenn C. Alexander
Trial Attorney
U.S. Department of Justice
Computer Crime & Intellectual Property Section

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of October, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF, which will then send a notification of such filing (NEF) to:

Christopher L. Harlow, Esq.
SNR Denton US LLP
*Counsel for Carpathia Hosting, Inc.*
1301 K Street NW, Suite 600, East Tower
Washington, DC 20005
Tele:  (202) 408-6816
christopher.harlow@snrdenton.com

Julie Moore Carpenter, Esq.
Jenner & Block LLP
*Counsel for Motion Picture Association
    of America*
1099 New York Ave, NW, Suite 900
Washington, DC 20001-4412
Tele:  (202) 639-6000
jcarpenter@jenner.com

William A. Burck, Esq.
Paul F. Brinkman, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
*Counsel for Quinn Emanuel Urquhart &
    Sullivan LLP*
1299 Pennsylvania Avenue NW, Suite 825
Washington, DC 20004
Tele:  (202) 538-8000
williamburck@quinnemanuel.com
paulbrinkman@quinnemanuel.com

John S. Davis, Esq.
Williams Mullen
*Counsel for Kyle Goodwin*
200 South 10th Street, 16th Floor
Richmond, VA 23219
Tele:  (804) 420-6296
jsdavis@williamsmullen.com

Ira P. Rothken, Esq.
The Rothken Law Firm
*Counsel for The Rothken Law Firm*
3 Hamilton Landing, Suite 280
Novato, CA 94949
Tele:  (415) 924-4250
ira@techfirm.net

    /s/_____
Jay V. Prabhu
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tele: 703-299-3700
Fax: 703-299-3981