IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Case No. 1:12CR3 |
| v. | ) ) |  |
| KIM DOTCOM, *et al.*, | ) ) |  |
| Defendants. | ) |  |

**RESPONSE OF THE UNITED STATES TO NON-PARTY
KYLE GOODWIN'S MOTION TO UNSEAL SEARCH WARRANTS**

The United States, by and through its undersigned attorneys, hereby responds to non-party movant Kyle Goodwin's request that this Court unseal "the search and seizure warrants, applications, and all related judicially-filed material relating to the loss of his data ("warrant materials")." Mot. of Kyle Goodwin to Unseal Search Warrant Materials & Br. in Support ("Goodwin Mot."), Dkt. No. 131 at 1. To the extent the United States has identified specific documents Mr. Goodwin seeks to unseal[1], the United States opposes this request in part.

---

[1] A movant asserting the public's common law right of access to search warrant materials must specifically identify the materials the movant is seeking to unseal. As the public receives notice of sealed search warrant materials through the docketing of the order sealing the records, *see Media Gen. Operations v. Buchanan*, 417 F.3d 424, 430 (4th Cir. 2005), it follows that a member of the public should be able to identify the docket number of the search warrant he seeks to unseal. Specificity is required as the government and the Court must state reasons for why documents are to remain under seal. *See id.*

Here, Mr. Goodwin has not identified any documents with the required particularity; instead Mr. Goodwin moved for the unsealing of documents that Mr. Goodwin believes "relat[e] to the loss of his data." Goodwin Mot. at 1. To aid the government in identifying relevant material, counsel for the government contacted counsel for Mr. Goodwin and requested the search warrant docket numbers for any materials encompassed by Mr. Goodwin's motion. Counsel for Mr. Goodwin declined to provide that information, but did provide some additional information to aid the government in its attempt to identify relevant material. Though the government has done its best to identify materials subject to Mr. Goodwin's motion, to the extent there are materials

Though substantial portions of the records at issue no longer need to be sealed, the government has a compelling interest in maintaining the secrecy of certain portions of the requested materials. In support of this opposition and pursuant to procedures upheld by the Fourth Circuit in *Media General Operations, Inc. v. Buchanan*, 417 F.3d 424 (4th Cir. 2005), the government hereby submits its memorandum of law, as well as its *ex parte* and *under seal* statement of reasons as to why certain portions of the sealed materials should remain under seal.[2] As the Court will be able to confirm, the sealed portions of the search warrant materials are minimal. The government also submits proposed redacted versions of the sealed materials for public release. Finally, the government submits a proposed order authorizing the unsealing of the redacted versions of the documents, but maintaining the remaining information under seal.

I.   **RELEVANT BACKGROUND**

On January 5, 2012, a grand jury returned an indictment charging the defendants in this case with numerous criminal offenses. On January 23, 2012, the indictment was unsealed. As part of the investigation into the crimes listed in the indictment, numerous search and seizure warrants were executed, including a warrant that authorized the search of servers leased by Megaupload in the Eastern District of Virginia from Carpathia Hosting, Inc., as well as the seizure of certain internet domain names used by Megaupload. *See* June 29, 2012 Mot. Hr'g (Dkt. No. 116) at 5, 6. Each search warrant[3] executed as part of this investigation was sealed by

---

outside those discussed in the government's sealed statement of reasons, the motion should be denied. A member of the public should not be allowed to use a motion to unseal to send the government on a fishing expedition through the contents of unidentified, sealed records.

[2] The government's statement of reasons, proposed redacted versions of the search warrant materials, and proposed orders, were filed under the search warrant docket numbers the government identified, which are 1:12 SW 34, 1:12 SW 35, 1:12 SW 36, 1:12 SW 37, 1:12 SW 40, and 1:12 SW 41.

[3] For the purposes of this motion, the government is using the term "search warrant" to encompass the standard documents filed with the Court when a search warrant is filed: (1) the application for a search warrant; (2) the search warrant itself; (3) the affidavit in support of the

an order of the Court, pursuant to the procedures for sealing search warrants outlined by Local Criminal Rule 49. On October 22, 2012, Mr. Goodwin filed the instant motion to unseal.

## II. GOVERNING LAW

There is a common law presumption of access to certain judicial records, including search warrant materials. *Baltimore Sun v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989). That presumption may be overcome, however, where there is a compelling government interest that outweighs the public interest in access. *See In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984); *United States v. Moussaoui*, 65 Fed. Appx. 881, 886 (4th Cir. 2003) ("The common law right of access must yield to the supervisory power of the court to control its own records when the public's right of access is outweighed by competing interests.") (internal quotation marks omitted); *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. § 2703(d)*, 830 F. Supp. 2d 114, 152 (E.D. Va. 2011). The balancing of the government's interest in sealing against the common law presumption of access is committed to the sound discretion of the trial court. *See Media Gen.*, 417 F.3d at 429.

The protection of law enforcement investigations is a compelling interest. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 579 (4th Cir. 2004). Courts, including this Court, have repeatedly recognized that the disclosure of non-public facts can damage those investigations. *See id.*; *Times Mirror Co v. United States*, 873 F.2d 1210, 1213 (9th Cir. 1989); *In re Application of the U.S.*, 830 F. Supp. 2d at 151. Other government interests may also justify the sealing of documents. For instance, a document may be sealed to protect the identity of government witnesses, *see In re Grand Jury Investigation of Cuisinarts, Inc.*, 665 F.2d 24, 32-33 (2d Cir. 1981) (noting prevention of influence on potential witnesses is fundamental justification for secrecy of investigations); to protect an individual who may have been

---

search warrant; and (4) any motion to seal.

investigated yet later exonerated, *see id.*, *Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 219 (1979); to prevent disclosure of a matter occurring before the grand jury, *see* Fed. R. Crim. Proc. 6(e); to prevent the destruction of evidence, or to prevent tipping off others who may be within the scope of the investigation, *see Douglas Oil*, 441 U.S. at 219.  Finally, the Court may also consider other competing interest, such as "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public already has access to the information contained in the records." *In re Knight*, 743 F.2d at 235 (citations omitted).

       This list is non-exhaustive, and necessarily generic.  The government's specific interest in maintaining certain information under seal is contained in the government's statement of reasons, filed *ex parte* and *under seal* simultaneously with this pleading in the relevant search warrant dockets.  Such filing is entirely proper.  *See Media Gen.*, 417 F.3d at 431 ("That the government's and judicial officer's reasons for sealing may also be placed under seal demonstrates that this requirement is for the benefit of the court, not the public." (internal citations omitted)).

### III. CONCLUSION

Because the government's compelling interest in maintaining the proposed and minimal redacted information under seal outweighs any public interest in that information, the Court should deny Mr. Goodwin's motion as to that information. The information should remain sealed until either (1) the information is disclosed as part of a criminal prosecution of the defendants named in the indictment; or (2) a government request to unseal the redacted information. The remaining information is more than sufficient to satisfy Mr. Goodwin's and any claimed public interest in the search warrant materials at issue.

                                                Respectfully submitted,

                                                Neil H. MacBride
                                                United States Attorney

By:      /s/
            Andrew Peterson
            Jay V. Prabhu
            Alexander T.H. Nguyen
            Assistant United States Attorneys

            Lanny A. Breuer
            Assistant Attorney General
            U.S. Department of Justice
            Criminal Division

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of November, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF, which will then send a notification of such filing (NEF) to:

Christopher L. Harlow, Esq.
SNR Denton US LLP
*Counsel for Carpathia Hosting, Inc.*
1301 K Street NW, Suite 600, East Tower
Washington, DC 20005
Tele:  (202) 408-6816
christopher.harlow@snrdenton.com

Julie Moore Carpenter, Esq.
Jenner & Block LLP
*Counsel for Motion Picture Association of America*
1099 New York Ave, NW, Suite 900
Washington, DC 20001-4412
Tele:  (202) 639-6000
jcarpenter@jenner.com

William A. Burck, Esq.
Paul F. Brinkman, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
*Counsel for Quinn Emanuel Urquhart & Sullivan LLP*
1299 Pennsylvania Avenue NW, Suite 825
Washington, DC 20004
Tele:  (202) 538-8000
williamburck@quinnemanuel.com
paulbrinkman@quinnemanuel.com

John S. Davis, Esq.
Williams Mullen
*Counsel for Kyle Goodwin*
200 South 10th Street, 16th Floor
Richmond, VA 23219
Tele:  (804) 420-6296
jsdavis@williamsmullen.com

Ira P. Rothken, Esq.
The Rothken Law Firm
*Counsel for The Rothken Law Firm*
3 Hamilton Landing, Suite 280
Novato, CA 94949
Tele:  (415) 924-4250
ira@techfirm.net

　　/s/_____
Andrew Peterson
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tele: 703-299-3700
Fax: 703-299-3981