IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Case No. 1:12CR3 |
| v. | ) ) |  |
| KIM DOTCOM, *et al.*, | ) ) |  |
| Defendants. | ) |  |

**RESPONSE OF THE UNITED STATES TO MEGAUPLOAD'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF REGARDING RULE 41(G) HEARING AND A MOTION TO UNSEAL SEARCH WARRANT MATERIALS**

The United States, by and through its undersigned counsel, hereby responds to Defendant Megaupload's Motion for Leave to File a Supplemental Brief Regarding Rule 41(g) Hearing and Megaupload's Motion for Leave to File a Motion to Unseal Search Warrant Materials. Megaupload – an indicted criminal defendant contesting the jurisdiction of this court – seeks leave to file a motion asking for what amounts to a pre-appearance suppression hearing in the criminal case. Megaupload also seeks leave to file a motion to unseal a search warrant that was already unsealed. Megaupload's requests should be denied.

The United States continues to oppose Megaupload being granted leave to file pleadings without making an appearance and seek unprecedented action by the Court in a criminal case while simultaneously challenging its jurisdiction. *See* Opp'n of the U.S. to Motion of Quinn Emanuel Urquhart & Sullivan LLP and The Rothken Firm for Leave to Enter Limited Appearance on Behalf of Megaupload Limited and Kim Dotcom (April 11, 2012) (Dkt. No. 76); Opp'n of the U.S. to Motion of Quinn Emanuel Urquhart & Sullivan LLP, The Rothken Law Firm, and Craig C. Reilly, Esq. for Leave to Enter Limited and Special Appearances on Behalf of

Megaupload Limited, Kim Dotcom, Mathias Ortmann, Bram Van Der Kolk & Finn Batato (June 13, 2012) (Dkt. No. 104); Opp'n of the U.S. to the Motion of Quinn Emanuel Urquhart & Sullivan LLP and the Rothken Firm for Leave to Enter Limited and Special Appearances on Behalf of Megaupload Limited (Oct. 24, 2012) (Dkt. No. 132). For the reasons stated in those prior pleadings, the government opposes Megaupload's leave to file here. The lack of justification for granting Megaupload leave is even more stark in this instance, where it is seeking to join a third-party's civil action in equity against the United States, *see United States v. Garcia*, 65 F.3d 17, 18 n.2 (4th Cir. 1995) (noting that Rule 41(g) motions made where no criminal charges are pending are civil actions), and thereby seek a remedy available only to criminal defendants, *see* Fed. R. Crim. P. 41(h) ("A *defendant* may move to suppress evidence in the court where the trial will occur, as Rule 12 provides" (emphasis added)). Thus, regardless of the merits of Megaupload's pleadings, its motion for leave to file should be denied.

Megaupload's motions are also meritless. First, Megaupload's motion to unseal search warrant 1:10 SW 320 is meritless because the search warrant is not sealed. United States Magistrate Judge Ivan D. Davis signed an order unsealing the search warrant on February 10, 2012. *See* Attachment A.

Second, Megaupload's motion to file a supplemental pleading in relation to Kyle Goodwin's Rule 41(g) motion should be denied because the allegations in the pleading are irrelevant and based on unfounded assertions regarding imagined violations of its rights as a criminal defendant. The allegations are irrelevant as Mr. Goodwin's motion concerns the government's alleged seizure of Mr. Goodwin's property and requests its return. Megaupload's pleading primarily concerns a warrant issued as part of a separate investigation, targeting

separate defendants (defendants who relied on Megaupload to distribute infringing copies of copyrighted works for private financial gain), and resulting in a separate prosecution, *see United States v. Beshara et al*, No. 1:11CR447 (E.D. Va.). The United States is unaware of a legal context where a third-party (here Megaupload) is allowed to file pleadings and participate in a civil action simply because it wants to pursue a separate legal claim in a criminal matter without subjecting itself to the Court's jurisdiction.

Megaupload's allegations are baseless, as even a cursory review of Megaupload's pleading and the search warrant materials at issue disproves the allegation that the government misled the court as part of a conspiracy to entrap Megaupload. For instance, Megaupload alleges that the government "*affirmatively [led]*" Megaupload to retain certain files on its servers. [Proposed] Redacted Supplemental Br. of Specially Appearing Defendant and Interested Party Megaupload Limited Regarding Rule 41(g) Hearing ("Megaupload Supp. Br.") at 4 (Dkt. No. 153-2). Yet Megaupload does not cite a single communication between the government and Megaupload or a single instruction from any member of the government to Megaupload; there are none.

Similarly unfounded is the allegation by Megaupload that the government "planted Megaupload's alleged knowledge of infringing files" and misled the Court. Megaupload Supp. Br. 11-12. Megaupload claims that the government inserted a misleading "snippet" into "each relevant affidavit," *id.* at 2, and that the "snippet" misinformed the Court by highlighting Megaupload's failure to remove content deemed infringing in the June 24, 2010 warrant. To the contrary, no such "snippet" appears anywhere in the primary search warrant at issue in Mr. Goodwin's motion. That warrant, the search warrant executed at Carpathia Hosting in January

2012 (Case No. 1:12 SW 41), *does not even mention the June 24, 2010 search warrant.* Instead, that search warrant included other, substantial evidence of criminal intent on the part of Megaupload. For instance, paragraphs 13 and 15 of the search warrant affidavit that supported the search warrant executed at Carpathia on January 19, 2012, explain how Megaupload affirmatively concealed the presence of infringing content on its website. *See* Redacted Affidavit in Support of Search Warrant, No. 1:12 SW 41 (Jan. 18, 2012). Members of the Mega Conspiracy also ignored takedown notices regarding certain infringing content, personally uploaded infringing content to the website, and selectively eliminated links without eliminating infringing content. *Id.* at ¶¶ 16-17. As each of the individual defendants were employees of the corporate defendant, their individual acts are all attributable to Megaupload. *See United States v. Singh*, 518 F.3d 236, 249 (4th Cir. 2008).

      Megaupload's supplemental pleading – which simply repeats baseless allegations Megaupload made to the press months ago[1] – is a transparent attempt to turn Mr. Goodwin's motion pursuant to Rule 41(g) into a pre-*appearance* motion to suppress. A criminal defendant that is challenging the Court's jurisdiction should not be allowed to turn a third party's civil action into pre-appearance litigation of a criminal case. Mr. Goodwin has made arguments in

---

[1] *See, e.g.,* Kravets, David, "Megaupload Assisted U.S. Prosecution of Smaller File-Sharing Service, *Wired.com*, November 11, 2012, available at http://www.wired.com/threatlevel/2012/11/megaupload-investigation-roots/

favor of his motion himself. Thus, Megaupload's motion for leave to file a supplemental pleading that is fundamentally not related to Mr. Goodwin's Rule 41(g) motion should be denied.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By:    /s/ Andrew Peterson
Andrew Peterson
Jay V. Prabhu
Assistant United States Attorneys

Lanny A. Breuer
Assistant Attorney General
U.S. Department of Justice
Criminal Division

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF, which will then send a notification of such filing (NEF) to:

| | |
|---|---|
| Christopher L. Harlow, Esq.<br>Thomas R. Millar, Esq.<br>SNR Denton US LLP<br>1301 K Street, NW, Suite 600, East Tower<br>Washington, DC 20005<br>Tele:  (202) 408-6816<br>christopher.harlow@snrdenton.com<br>thomas.millar@snrdenton.com | John S. Davis, V, Esq.<br>Williams Mullen<br>200 South 10th Street, 16th Floor<br>Richmond, VA 23219<br>Tele:  (804) 420-6296<br>jsdavis@williamsmullen.com |
| Julie Moore Carpenter, Esq.<br>Jenner & Block LLP<br>1099 New York Ave, NW, Suite 900<br>Washington, DC 20001-4412<br>Tele:  (202) 639-6000<br>jcarpenter@jenner.com | Ira P. Rothken, Esq.<br>The Rothken Law Firm<br>3 Hamilton Landing, Suite 280<br>Novato, CA 94949<br>Tele:  (415) 924-4250<br>ira@techfirm.net |
| William A. Burck, Esq.<br>Paul F. Brinkman, Esq.<br>Heather H. Martin, Esq.<br>Quinn Emanuel Urquhart & Sullivan LLP<br>1299 Pennsylvania Avenue, NW, Suite 825<br>Washington, DC 20004<br>Tele:  (202) 538-8000<br>williamburck@quinnemanuel.com<br>paulbrinkman@quinnemanuel.com<br>heathermartin@quinnemanuel.com | Craig C. Reilly, Esq.<br>111 Oronoco Street<br>Alexandria, VA 22314<br>Tele:  (703) 549-5354<br>craig.reilly@ccreillylaw.com |

By:   /s/ Andrew Peterson
　　　　Andrew Peterson
　　　　Assistant United States Attorney
　　　　United States Attorney's Office
　　　　2100 Jamieson Avenue
　　　　Alexandria, Virginia 22314
　　　　Phone:  (703) 299-3700
　　　　Fax:     (703) 299-3982
　　　　E-mail:andy.peterson@usdoj.gov