IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | The Honorable Liam O'Grady |
| Plaintiff, | ) | |
| | ) | Case No. 1:12-cr-00003-LO |
| v. | ) | |
| | ) | |
| KIM DOTCOM, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF OF KYLE GOODWIN IN RESPONSE TO OPPOSITION OF THE UNITED STATES TO DEFENDANT MEGAUPLOAD'S LIMITED APPEARANCE AND PARTICIPATION IN PROCEEDINGS RELATING TO NON-PARTY KYLE GOODWIN'S MOTION FOR RETURN OF PROPERTY PURSUANT TO RULE 41(G)**

It has been more than a year since Kyle Goodwin lost access to his data—high school sports videos that he used in his business—when the government shut down Megaupload's cloud storage service. Mr. Goodwin first asked this Court to order his property returned on March 30, 2012. Dkt. No. 52. He again moved for return of that property on May 25, 2012. Dkt. Nos. 90, 91. Since then, all of the parties to this matter—the government, Defendant Megaupload, and third parties MPAA and Carpathia Hosting—have filed briefs on the same issue, namely, whether and how Mr. Goodwin may get access to what is rightfully his. The latest missive came from the government, where it argues that Megaupload should not be a party to any potential hearing held under Rule 41(g) of the Federal Rules of Criminal Procedure. Dkt. No. 168.

The law, specifically Fed. R. Crim. P. 41(g), creates a procedure allowing Mr. Goodwin a hearing to explore what happened when the government executed searches and seizures on Megaupload and its leased servers. Dkt. No. 105 at 5-8. That hearing

should include testimony and participation from all knowledgeable parties. Dkt. No. 135 at 5-7. It is without doubt that Megaupload is a knowledgeable party, indeed perhaps the most knowledgeable party other than the government, with regard to those searches and seizures. Attempts to mediate have thus far proved fruitless and although Mr. Goodwin is not opposed to further discussions with the interested parties if there is a possibility of moving past the current impasse, he is most interested in getting his property back as soon as possible.

The parties agree that an action under Fed. R. Crim. P. 41(g) is one in equity, Dkt. Nos. 105 at 5-8 and 168 at 9, and, for that reason, this Court has considerable discretion over how such a hearing might go forward. The Court should exercise that discretion to permit a limited appearance by Megaupload to ensure a fully developed record.[1]

Not only does Megaupload have specific knowledge regarding the relevant searches and seizures that took place in 2010 and again in 2012, Dkt. No. 153-2 at 7, but it has unique knowledge about the technical aspects of its service. Dkt. No. 133-2 at 2. That knowledge will help inform the Court and the parties about what steps the government could have taken to minimize harm to third parties and also what steps the parties may now take to return property to those same third parties. *Id*. This is also why, at a minimum, Megaupload's participation as a witness should be necessary in a hearing held under Rule 41(g). *See, e.g.,* Dkt. 162; Dkt. No. 153-2 at 7; Dkt. No. 168 at 17

---

[1] The government argues that Megaupload is merely trying to bypass the procedural rules in criminal litigation to dispute the underlying warrants and, if that is the case, then the court may stay the civil litigation brought by Mr. Goodwin. Dkt. No. 168 at 12-16. Depriving Mr. Goodwin of a timely opportunity to be heard, and indeed subjecting him to an open-ended delay merely because the government and Megaupload remain in an active dispute, is neither appropriate nor fair to Mr. Goodwin.

(government statement that Megaupload's expertise in its system "may be a justification for representatives of Megaupload … to appear at any hearing as witnesses.").

Moreover, contrary to the government's argument, participation by Megaupload in a Rule 41(g) hearing would not expand the scope of the hearing beyond what Mr. Goodwin initially contemplated and requested. The legal basis for return of property under Fed. R. Crim. P. 41(g) includes the question whether the government displayed a callous disregard for a property owner's constitutional rights. *See, e.g.,* Dkt. No. 135 at 2-5, *citing Ramsden v. U.S.*, 2 F.3d 322, 325 (9th Cir. 1993); *see also U.S. v. Comprehensive Drug Testing, Inc.,* 621 F.3d 1162, 1173-74 (9th Cir. 2010); *Chaim v. U.S.*, 692 F. Supp. 2d 461, 469 (D.N.J. 2010). The question here of whether the government displayed a callous disregard must include inquiries into what the government knew when it searched the servers and when it seized Megaupload's domain names. As Mr. Goodwin stated in his Proposal re: Return of Property Under Fed. R. Crim. P. 41(g):

> The government knew its search and seizure of Megaupload's assets would deprive such third parties of the ability to access and retrieve their property. In seizing domain names and executing the search warrant at Carpathia, the government took constructive possession of all the third-party owned data it had seized and to which it had prevented (and continues to prevent) access by their owners.

Dkt. No. 135 at 3-4.

Megaupload is particularly well situated to speak to many of these issues—specifically with regard to the seizures of the domain names. The government, in its brief, confuses the issue when it states that Mr. Goodwin has never asserted a property interest in those domain names. Dkt. No. 168 at 11. Of course Mr. Goodwin did not.

3

Nor could he. Rather, Mr. Goodwin contends that the government's actions surrounding the seizures of those domain names—the equivalent of the analog address to where his files were stored—appears to evidence a callous disregard for his and other third parties' property rights that would obviously and inevitably be impacted by the seizure.

Megaupload has particular knowledge with regard to the government's actions surrounding the searches and seizures that directly led to the deprivation of third-party property. Megaupload should thus be permitted to participate, at least as a witness if not as an interested party, in any hearing that takes place under Fed. R. Crim. P. 41(g). Mr. Goodwin further respectfully urges this Court to hold such a hearing as soon as practicable.

Dated: February 28, 2013         Respectfully submitted,

                                          /s/ John S. Davis
                                       John S. Davis
                                       WILLIAMS MULLEN
                                       200 So. 10th St.
                                       Richmond, VA 23218
                                       Telephone: (804) 420-6296
                                       Facsimile: (804) 420-6507
                                       Email: jsdavis@williamsmullen.com

                                       Julie P. Samuels
                                       Corynne McSherry
                                       ELECTRONIC FRONTIER FOUNDATION
                                       454 Shotwell Street
                                       San Francisco, CA 94110
                                       Telephone: (415) 436-9333
                                       Facsimile: (415) 436-9993
                                       Email: julie@eff.org

                                       Abraham D. Sofaer
                                       THE HOOVER INSTITUTION
                                       Stanford University
                                       434 Galvez Mall

Stanford, CA 94305-6010
Telephone: (650) 723-1754
Email: asofaer@stanford.edu

*Attorneys for Interested Party Kyle Goodwin*

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2013, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users, upon the following:

Jay V. Prabhu
Chief, Cybercrime Unit
Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314

Ira Rothken
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, CA 94949

*Counsel to Megaupload Limited*

Christopher Harlow
Thomas Millar
SNR DENTON
1301 K St. NW, Suite 600 East Tower
Washington, D.C. 20005

*Counsel to Carpathia Hosting, Inc.*

Ed McNicholas
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005

*Counsel to Megaupload Limited*

Stephen Fabrizio
JENNER & BLOCK
1099 New York Avenue, NW
Suite 900
Washington, DC 20001

*Counsel to Motion Picture Association of America*

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 28, 2013            /s/
                                                              John S. Davis