UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 1:12CR3 |
| KIM DOTCOM, *et al.*, | ) |
| | ) |
| Defendants | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT
MEGAUPLOAD LIMITED'S REQUEST FOR JUDICIAL NOTICE**

Defendant Megaupload Limited ("Megaupload") has now filed its eighth pleading[1]

demanding that this Court take the unprecedented step of granting the company immunity from

---

[1] *See* Motion of Specially Appearing Defendant Megaupload Limited to Dismiss Indictment for Lack of Personal Jurisdiction (July 3, 2012) (Dkt. 114) & Memorandum of Law in Support of Motion of Specially Appearing Defendant Megaupload Limited to Dismiss Indictment for Lack of Personal Jurisdiction (July 3, 2012) (Dkt. 115); Rebuttal Memorandum of Law in Further Support of Motion of Specially Appearing Defendant Megaupload Limited to Dismiss Indictment for Lack of Personal Jurisdiction (July 18, 2012) (Dkt. 118); Notice of Supplemental Authority (July 24, 2012) (Dkt. 119); [Proposed] Supplemental Memorandum of Law in Further Support of Motion of Specially Appearing Defendant Megaupload Limited to Dismiss Indictment for Lack of Personal Jurisdiction (July 31, 2012) (Dkt. 120-1); Rebuttal Memorandum in Support of Motion of Specially Appearing Defendant Megaupload Limited for Leave to File a Supplemental Memorandum in Further Support of its Motion to Dismiss the Indictment for Lack of Personal Jurisdiction (Aug. 6, 2012) (Dkt. 123); Renewal of Specially Appearing Defendant Megaupload Limited's Request for Dismissal of the Indictment Without Prejudice (Nov. 19, 2012) (Dkt. 146) & Memorandum of Law in Support of Renewal of Specially Appearing Defendant Megaupload Limited's Request for Dismissal of the Indictment Without Prejudice (Nov. 19, 2012) (Dkt. 147); Rebuttal Memorandum in Support of Renewal of Specially Appearing Defendant Megaupload Limited's Request for Dismissal of the Superseding Indictment Without Prejudice (Jan. 29, 2013) (Dkt. 163); and Specially Appearing Defendant Megaupload Limited's Request for Judicial Notice in Support of its Renewed Request for Dismissal of the Superseding Indictment Without Prejudice (Apr. 18, 2013). The request for dismissal applies only to Defendant Megaupload and not to any of the other defendants. The United States continues to believe that there is a conflict of interest for defense counsel to appear on behalf of Megaupload, much less to obtain any form of dismissal of the charges that affect

criminal prosecution, simply because, despite operating a business centered in this District, the company elected not to maintain a brick-and-mortar office here or elsewhere in the United States. In its most recent motion, Megaupload asks this Court to take judicial notice of an October 25, 2012 letter written from the Department of Justice to the Advisory Committee on the Criminal Rules proposing amendments to Federal Rule of Criminal Procedure 4. The United States takes no position regarding the request for judicial notice but wishes to correct the defendant's clear mischaracterizations of the Department's position in the letter. And because the United States still opposes the broader relief requested — temporary dismissal,[2] without prejudice, of the pending criminal charges against the corporate entity of Megaupload (while leaving the charges intact against all the other defendants) — the government brings to the Court's attention a recent opinion from this district, *United States v. Kolon Industries, Inc.*, in which the District Court concluded that the mailing provision of Rule 4 is not a requirement of valid service. 2013 WL 682896, *5–6 (E.D. Va. Feb. 22, 2013).

**A.     The Department's October 25, 2012 letter is consistent with the government's position here that this Court has personal jurisdiction over Megaupload.**

The U.S. Department of Justice routinely recommends amendments to legislation and rules, including the Federal Rules of Criminal Procedure. In a letter dated October 25, 2012, the Department wrote to the Advisory Committee on the Criminal Rules with suggestions on

---

other law firm clients and interests; such arguments from previous government pleadings are incorporated herein by reference.

[2] As previously indicated in the government's pleadings, due to the repeated delays requested by the controlling defendants in New Zealand, it is likely that any "temporary" dismissal would be permanent and contrary to the interests of justice.

improving the clarity of Rule 4.[3] In the instant motion, Megaupload cherry-picks portions of the letter and quotes them out of context to try and create the appearance of inconsistency. But when read in its entirety, the letter (as well as the Rules Committee Agenda, cited by Megaupload on page 6 of the motion) plainly supports the government's position here that Rule 4 was never intended to be an obstacle to prosecutions of foreign corporations who commit crimes in the United States, and, in addition, that this Court has personal jurisdiction over Megaupload.

After a brief introduction, the Department's letter (at 1–2) begins with a bedrock principle of criminal law, one that applies equally to both organizations and natural persons: "When a person located abroad violates the laws of the United States, that person may be held criminally liable despite the fact that the person has never set foot in the United States." The Department then explains how foreign corporations — such as Defendant Megaupload here — have been misusing Rule 4 to gain "an undue advantage" over the government relating to the initiation of criminal proceedings: "While foreign corporations and other organizations may be punished for violations of United States law, even if they have not established a formal presence in the United States, Rule 4 repeatedly has been construed to substantially impair prosecution of foreign organizations — simply because they do not have an agent or maintain a mailing address within the United States." *Id*. at 3. The Department never concedes, as Megaupload wrongly claims, that a proper interpretation of Rule 4 would bar the company's prosecution. On the contrary, the letter expresses the Department's concern that "other courts will adopt the reasoning of *Johnson Matthey*, *Pangang Group* and similar cases — reasoning we believe is contrary to sound public

---

[3] A copy of the letter is attached as Exhibit 1 to Specially Appearing Defendant Megaupload Limited's Request for Judicial Notice in Support of its Renewed Request for Dismissal of the Superseding Indictment Without Prejudice (Apr. 18, 2013) (Dkt. 171).

policy and the purpose of the rules." *Id*. at 5.[4] After proposing reasonable amendments to Rule 4, the Department's letter concludes: "These amendments to Rule 4 are designed to ensure that foreign organizations do not avoid criminal prosecution in the United States merely because the organization chooses not to keep an agent and mailing address in the United States." *Id*. at 9.

The United States takes no position on whether this Court should take judicial notice of the October 25, 2012 letter, since the letter is consistent with the government's prior position. But in the event this Court does so, the government respectfully requests that the letter be seen for what it is, namely, a proposal to clarify a rule that many defendants, including Megaupload, have misconstrued in an attempt to avoid being held accountable for their crimes.

**B.      There is now additional legal precedent in this district expressly rejecting Defendant Megaupload's position on service.**

The Richmond Division of this Court recently concluded, in *Kolon*, that the mailing provision of Rule 4 is not a requirement of valid service. 2013 WL 682896, at *5–6. The parties there, unlike here,[5] agreed that the defendant had no last known address within the Eastern

---

[4] The government discussed the decisions in *United States v. Johnson Matthey PLC*, Case No. 2:06-cr-169, 2007 WL 2254676 (D. Utah Aug. 2, 2007), and *United States v. Pangang Group Co., Ltd.*, 879 F. Supp. 2d 1052 (N.D. Cal.), in prior pleadings and during the July 27, 2012 hearing on this matter. *See, e.g.*, Opposition of the United States to Motion of Specially Appearing Defendant Megaupload Limited to Dismiss Indictment for Lack of Personal Jurisdiction at 18–19 (July 13, 2012) (Dkt. 117); Opposition of the United States to Defendant Megaupload Limited's Supplemental Memorandum of Law at 2 n.2 (Aug. 3, 2012) (Dkt. 122).

[5] As discussed in prior pleadings, Defendant Megaupload has had at least two addresses within the Eastern District of Virginia — a constructive address at the Commonwealth of Virginia's State Corporation Commission and an address at the Carpathia datacenter where the company maintained its U.S.-based nerve center. *See, e.g.*, Opposition of the United States to Motion of Specially Appearing Defendant Megaupload Limited to Dismiss Indictment for Lack of Personal Jurisdiction (July 13, 2012) (Dkt. 117); Opposition of the United States to the Motion of Quinn Emanuel Urquhart & Sullivan LLP and The Rothken Firm for Leave to Enter Limited and Special Appearances on Behalf of Megaupload Limited at 6 n.6 (Oct. 24, 2012) (Dkt. 132). In addition, the offices of Defendant Megaupload's last known Chief Executive Officers,

District of Virginia and had no current principal place of business within the United States. *Id.* at *3. But the defendant there, like Megaupload here, argued that "failure to comply with the second sentence of the rule (the so-called 'mailing provision'), even where it would be impossible to do so, defeats any attempt at service and strips the Court of personal jurisdiction." *Id.* at *2. The district court in *Kolon* properly rejected the defendant's position.

Focusing on the "plain language" of Rule 4, the District Court recognized that "nothing in the text of the mailing provision suggests that the organization has not been properly served upon compliance with the first sentence [the delivery provision] merely because the organization has no last known address in the district or no principal place of business elsewhere in the United States to which a copy of the summons could have been mailed." *Id.* at *5. Citing to this Court's October 5, 2012 order, (Dkt. 127), which denied Megaupload's previous motion to dismiss, the *Kolon* Court concluded that "to read the second sentence [the mailing provision] to impose an obligation that could not possibly be satisfied would produce an absurd result." *Id*. "To find that a foreign corporation effectively could immunize itself from prosecution for violating those statutes by maintaining its principal place of business outside the country would reach an absurd result and one which the Court cannot conclude was intended by Congress when it approved Rule 4(c)(3)(C)." *Id*. at *6.

The *Kolon* decision is also notable because it followed the defendant there raising the same October 25, 2012 letter that Megaupload is seeking to bring to the Court's attention here. On the eve of oral argument on the service issue, Kolon submitted a copy of the letter to the Court. At argument, Kolon then made the same mischaracterizations Megaupload makes here,

---

David Robb and Kasseem Dean should be considered the organization's principal place of business elsewhere in the United States. *Id*.

describing the letter as "acknowledg[ing] repeatedly . . . that absent an amendment to the rule, [the government] cannot perfect a summons on a company in a situation like the one we're in here." Kolon Hrg. Transcript at 8:10–15, attached as Ex. A; *see also id.* at 9–10, 27 (same). As here, the government in *Kolon* explained that the letter makes no such concession, but rather reflects an effort to clarify the rules to ensure that courts do not adopt the flawed logic pressed by foreign corporate defendants seeking to avoid criminal prosecution. *Id.* at 46-48. The Court in *Kolon* therefore considered, and discarded, the defendant's portrayal of the October 25, 2012 letter in also rejecting the defendant's interpretation of Rule 4. This Court should do the same.

Though obviously not binding precedent on this Court, the *Kolon* decision — particularly when considered together with the government's prior pleadings on this issue — weighs in favor of again denying Megaupload's request for temporary dismissal. Such dismissal, even without prejudice, would harm (perhaps fatally) the government's ability to fully prosecute serious criminal conduct of the corporate defendant Megaupload, the ability of victims to obtain justice, and the public's interest in resolving this case efficiently. The United States therefore respectfully requests that this Court deny on the papers the motion to dismiss.

Respectfully submitted, Date: May 2, 2013

Neil H. MacBride
United States Attorney

By: _____/s/_____
    Jay V. Prabhu                     Brian L. Levine
    Ryan K. Dickey                Trial Attorney
    Assistant U.S. Attorneys     U.S. Department of Justice, Criminal Division

## CERTIFICATE OF SERVICE

I hereby certify that on the May 2, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF, which will then send a notification of such filing (NEF) to:

William A. Burck, Esq.
Paul F. Brinkman, Esq.
Heather H. Martin, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
1299 Pennsylvania Avenue, NW, Suite 825
Washington, DC 20004
(202) 538-8000 phone
williamburck@quinnemanuel.com
paulbrinkman@quinnemanuel.com
heathermartin@quinnemanuel.com

Julie Moore Carpenter, Esq.
Jenner & Block LLP
1099 New York Ave, NW, Suite 900
Washington, DC 20001
(202) 639-6000 phone
jcarpenter@jenner.com

John S. Davis, V, Esq.
Williams Mullen
200 South 10th Street, 16th Floor
Richmond, VA 23219
(804) 420-6296 phone
jsdavis@williamsmullen.com

Ira P. Rothken, Esq.
The Rothken Law Firm
3 Hamilton Landing, Suite 280
Novato, CA 94949
(415) 924-4250 phone
ira@techfirm.net

Craig C. Reilly, Esq.
111 Oronoco Street
Alexandria, VA 22314
(703) 549-5354 phone
craig.reilly@ccreillylaw.com

By:    /s/ Ryan K. Dickey
     Ryan K. Dickey
     Assistant U.S. Attorney
     Virginia Bar No. 74828; D.C. Bar No. 982536
     United States Attorney's Office
     2100 Jamieson Avenue, Alexandria, Virginia 22314
     (703) 299-3700 office, (703) 299-3981 fax
     Ryan.Dickey@usdoj.gov